CARRIE BELLE WRIGHT *vs.* EDWIN GRIBBLE.

## June 24, 1879.

**Landlord and Tenant—Summary Dispossession.**—In an action under the Forcible Entry and Unlawful Detainer Act, (Gen. St. *c.* 84,) commenced February 10, 1879, a finding that on January 7, 1879, the plaintiff was, ever since has been, and now is, owner in fee of certain described premises; that defendant wrongfully and unlawfully detains the same from plaintiff, who is entitled to the immediate possession thereof, in that, on or about the seventh day of January, 1879, plaintiff leased said premises to defendant for the term of one month, from said seventh day of January, the defendant agreeing to pay as rent for said term twelve dollars in advance, that is, on said seventh day of January ; that the defendant entered into possession under said lease, but has paid no part of the rent: entitles the plaintiff to restitution of said premises, under section 11 of said act.

Appeal by defendant from a judgment of the municipal court of the city of St. Paul.

*Edwin Gribble,* appellant, *pro se.*

*O'Brien & Eller,* for respondent.

BERRY, J.    This is an action under the Forcible Entry and Unlawful Detainer Act.    The complaint sets out that on January 7, 1879, plaintiff was, ever since has been, and now is, owner in fee of certain described premises, and that defendant wrongfully and unlawfully detains the same from plaintiff, who is entitled to the immediate possession thereof, in that on or about the seventh day of January, 1879, complainant leased said premises to defendant for the term of one month from said seventh day of January, said defendant agreeing to pay complainant, as rent for said term, twelve dollars, in advance, that is, on the said seventh day of January; that said defendant entered into possession under said lease, but has paid no part of said rent.    This action was commenced February 10, 1879.    The court before which the case was tried, without a jury, finds the allegations of the complaint true.    This brings the case within the provisions of section 11 of the act before mentioned, (Gen. St. *c.* 84,) which,

among other things, enacts that when any person holds over any lands or tenements, after any rent becomes due according to the terms of the lease under which he holds, the party entitled to possession may obtain restitution of such lands or tenements by proceedings as in such chapter prescribed. Upon the facts thus found, the court properly further found that the defendant was wrongfully and unlawfully detaining the premises, and that the complainant was entitled to judgment for the restitution of the same. This effect of these findings is in no way impaired by the other facts found by the court. In view of the former, the latter appear to us to be quite immaterial.

The point made by the defendant that the lease claimed to have been made by complainant was void, because it was made by her husband, she being a married woman, is not before us, as none of the evidence is here, and neither the pleadings nor findings disclose the alleged state of facts upon which the point is based.

Judgment affirmed.