## Abraham Moody v. Harriet A. Seaman.

*Complaint for forcible detainer—Complainant's interest—Widow may proceed without waiting for assignment of dower—Waiver of notice to quit—Repeals.*

A complaint under the Forcible Entry and Detainer Act alleged that complainant was the landlord of the premises described, and respondent the tenant thereof; that respondent holds said premises unlawfully and against the right of said complainant, who is entitled to the possession of them in her own right and as guardian of the minor heirs of a designated person. *Held,* sufficient.

The Forcible Entry and Detainer Act does not contemplate summary proceedings to recover the possession of land unless the demandants represent the entire interest.

In Michigan a widow may bring ejectment for her undivided interest without waiting to have her dower assigned her. She has a present possessory claim capable of enforcement.

Tenants in common of the whole estate can join in summary proceedings to recover its possession.

An intestate's widow and the heirs at law represent the whole possessory estate, and where the widow has the right of possession in behalf of the heirs, and thus represents the whole title, she can bring summary proceedings to recover its possession without waiting for the assignment of her dower to her.

Proceedings under the Forcible Entry and Detainer Act may be brought against one who is in possession either as a contract purchaser, or as a lessee, and who being in default, is a tenant at will and liable to be ousted on notice.

A tenant at will can waive notice to quit.

Where a sufficient notice to quit has been given and the tenant has promised to leave at a fixed date, a repetition of the demand does not impair the effect of the original notice.

Where a statutory provision was repeated without change in what purported to be an amendatory act and the latter was afterward repealed, the original provision was repealed also.

Error to Wayne.  Submitted April 12.  Decided April 27.

COMPLAINT for forcible entry and detainer. Defendant brings error. Affirmed.

*J. L. Vanderwerker* for plaintiff in error. A widow cannot take possession of real estate in her own right till dower has been assigned to her: 1 Washb. R. P. 251, 301, 302; *Rayner v. Lee* 20 Mich. 386; *Weaver v. Crenshaw* 6 Ala. 874; one must be entitled to immediate possession to begin proceedings for forcible entry: Taylor L. & T., § 720; *Buck v. Binninger* 3 Barb. 391; if notice to quit has been given it is nullified by a subsequent alternative notice: Taylor L. & T., §§ 485-6; *Doe v. Palmer* 16 East 53.

*C. I. Walker* for defendant in error. A complaint of forcible entry and detainer need not set out complainant's title (*Bryan v. Smith* 10 Mich. 229) nor representative character: *Spear v. Lomax* 42 Ala. 576; a tenant in common may make complaint without making his co-tenant a party: *Jones v. Phillips* 10 Heisk. 562; a second notice to quit does not necessarily impair the effect of the first: *Messenger v. Armstrong* 1 Term 53; *Doe v. Humphreys* 2 East 237; *Prindle v. Anderson* 19 Wend. 391.

CAMPBELL, J. Mrs. Seaman, the defendant in error, commenced summary proceedings to recover possession of land, claiming the right of possession as tenant in dower, and guardian of her infant children. She was, at the time of her marriage to Mr. Seaman, widow of John W. Pardee, who had owned the land during his life. The defendant below claimed in his own testimony to have gone into possession under a verbal agreement of sale, for a price of six hundred dollars which was to be paid by payments of seventy dollars a year, but which, as he showed, had not been paid except by some early payments about ten years ago. The testimony on the other side showed a mere tenancy at will, on rent which had become somewhat in arrears, and proof was made of a five or six months' notice to quit, a promise by Moody to give up possession on the first of April, 1880, and a second notice of fourteen days before April 1. Judgment was given on appeal for the demandant.

The questions raised are all within a narrow compass, and need not be discussed separately throughout.

The form of the complaint* is in compliance with the statute, and within the rule of *Bryan v. Smith* 10 Mich. 229.

It is objected that Mrs. Seaman could not bring this proceeding before her dower was assigned. This might be true if she had represented no other interest, because the statute does not contemplate proceedings unless the demandants represent the entire interest. But it has not been doubted that tenants in common of the whole estate could join in such action. Under our present statutes a widow may bring ejectment for her undivided interest at once and without assignment, and is recognized as having a present possessory claim capable of enforcement. *Proctor v. Bigelow* 38 Mich. 282. In connection with the heirs at law there can be no doubt the whole possessory estate is represented. In this case it happens that she herself has the right of possession on behalf of the heirs, and there is no reason why, inasmuch as she thus represents for them and herself the whole title, she should not be allowed to vindicate the possession.

Neither is there any doubt of the right to bring this proceeding on either of the theories of the contending parties. The statute gives the right in case of breaches of land

---

*COMPLAINT.

STATE OF MICHIGAN, } ss.
  COUNTY OF WAYNE.

*To Harry F. Chipman, Esq., Circuit Court Commissioner, Wayne County, Michigan.*

The complaint of Harriet A. Seaman of said county of Wayne, respectfully shows that Abraham Moody is in possession of the following described lands and tenements, situated in the town of Dearborn, in said county of Wayne and State of Michigan, to wit: * * * [description omitted] * * * * That Harriet A. Seaman is the landlord of said premises, and said Abraham Moody is the tenant under her.

That said Abraham Moody holds said premises unlawfully, and against the rights of the said Harriet A. Seaman, and that the said Harriet A. Seaman is entitled to the possession of the same in her own right and as guardian of the minor heirs of John W. Pardee, deceased.

Wherefore, this complainant prays that proceedings according to the statute in such case made and provided, may be taken against said Abraham Moody, and that the possession of said premises may be restored to said Harriet A. Seaman.

HATTIE A. SEAMAN.

contracts as well as on leases. Comp. L. § 6706. The respondent himself showed he was in default, and whether he was in as purchaser or lessee, he was in either case a tenant at will, and liable to be ousted on notice. *Crane v. O'Reilley* 8 Mich. 312. It was held also in this case that such a tenant could waive notice.

In this case there was evidence of full notice, and further evidence of a promise to surrender. Unless the fourteen-day notice was a waiver of any other right the case is open to no doubt. That notice was no more nor less than a notice to leave at the time previously required and agreed on. It does not occur to us in what way a repetition of the same demand is inconsistent with the demand.

It is also claimed that section 21 [of Chapter 123] of the Revised Statutes of 1846, which prohibited proceedings in certain cases after three years' possession, is still in force. That section is obscure, and if we had occasion to consider it, might require some attention. But in 1867 it was included in a statute substituting certain sections named for the existing sections of the old law. Laws 1867, Act 94. Probably the identity of language was an error. But in 1869 (Laws 1869, p. 197) several new sections were substituted for former ones, and the law of 1867 was expressly repealed. We think there can be no doubt that the intention of this statute was to repeal all of the sections included in the statute of 1867, and therefore section 21 ceased to have any further force, and the statutes must be read without it.

No questions appear in the cause which are not covered by what has been already said.

The judgment must be affirmed with costs.

The other Justices concurred.