## Charles B. Judd v. James Fairs.

*Notice to quit.*

1. Summary proceedings to recover possession from a tenant who holds from year to year and whose rent is payable annually, but who has failed to keep it up, can be instituted if after written demand of payment and notice to quit has been served upon him, he still neglects for seven days to pay. How. Stat. § 8295.

2. A tenant under a verbal lease for an indefinite period, but whose rent is to be paid annually, is a tenant from year to year.

3. Oral demand of payment of rent, followed on refusal thereof, by a written demand of possession and notice to quit, constitute a sufficient compliance with How. Stat. § 8295, subd. 2, which requires a demand in writing, to deliver possession or pay the rent.

Case made from Kent. (Montgomery, J.) April 16.— April 30.

Proceedings to recover possession. Complainant had judgment. Affirmed.

*Fred A. Maynard* for defendant appellant. At common law the tenant of any holding on which annual rent is

reserved, is entitled to one-half year's notice to quit; and un-
less one party or the other should terminate such tenancy by
giving notice of that fact at least six months before the end
of the current year, the tenancy would continue for still an-
other year thereafter, and so on from year to year: *Doe v.
Spence* 6 East 123 ; *Doe v. Smaridge* 7 Ad. & El. (N. S.) 957 ;
*Tress v. Savage* 4 El. & Bl. 36 ; *Right v. Darby* 1 Term 163 ;
*Doe v. Porter* 3 Term 16 ; *Doe v. Bell* 5 Term 471 ; *Brad-
ley v. Covel* 4 Cow. 350 ; *Jackson v. Salmon* 4 Wend. 327 ;
*Conway v. Starkweather* 1 Den. 113 ; *Pugsley v. Aikin* 11
N. Y. 494 ; *Witt v. Mayor* 6 Robt. 441 ; *Schuyler v. Smith*
51 N. Y. 309 ; *Laughran v. Smith* 75 N. Y. 205 ; *Hall v.
Myers* 43 Md. 446 ; *Ames v. Schuesler* 14 Ala. 602 ; *Gard-
ner v. Com'rs* 21 Minn. 33 ; *Williams v. Ackerman* 8 Or.
405 ; *Stedman v. McIntosh* 4 Ired. N. C. L. 291 ; *Den v.
Drake* 14 N. J. L. 525 ; *Hanchet v. Whitney* 1 Vt. 311 ;
*Currier v. Perley* 24 N. H. 224 ; *Hall v. Myers* 43 Md.
446 ; *Prickett v. Ritter* 16 Ill. 97 ; *Stedman v. McIntosh* 4
Ired. N. C. L. 291 ; *Reeder v. Sayre* 70 N. Y. 180 ; *Kerr v.
Clark* 19 Mo. 132 : Taylor's Landlord and Tenant, (6th ed.),
§ 55 ; *Brown v. Kayser* 18 N. W. Rep. 523 ; by statute in
Michigan a notice of three months is required unless the
cause of ouster is non-payment of rent: *Allen v. Carpen-
ter* 15 Mich. 25 ; *Bennett v. Robinson,* 27 Mich. 26 ; see
*Caswell v. Ward* 2 Doug. (Mich.) 374 ; *Royce v. Bradburn* id.
376 ; *Bush v. Dunham* 4 Mich. 339 ; *Bryan v. Smith* 10
Mich. 229 ; *Clark v. Gage* 19 Mich. 507 ; *McSloy v. Ryan*
id. 111 ; in the case of tenants at will, where the holding is
from week to week, or other short periods, when it is sought
to gain possession by reason of the non-payment of rent
there must be a proper notice to quit, and it must state in
the notice that possession is sought because of the non-
payment of the rent: *Kimball v. Rowland* 6 Gray 224 ;
*Borden v. Sackett* 113 Mass. 214 ; see *Chapman v. Harney*
100 Mass. 354 ; *Currier v. Barker* 2 Gray 224.

*B. C. Girdler* for appellee. A tenant on being notified to
quit for non-payment of rent has his election to pay or to go
whether it is given him in the notice or not. *Chamberlin
v. Brown* 2 Doug. (Mich.) 120.

SHERWOOD, J. This record presents for review a case
made after judgment upon the findings of law and fact by
the circuit judge. The proceedings were summary, to
recover the possession of land, before a circuit court commis-

sioner in the county of Kent, under How. Stat. § 8295. The following facts were found by the circuit judge, and no exception is taken thereto: In April, 1880, the plaintiff owned and leased to the defendant for one year the premises in question at an annual rental of $35. At the end of the year the lease was verbally renewed for an indefinite period, but for more than one year, the rent received to be paid annually. Under this agreement the defendant remained in possession over two years, during which time he erected buildings upon the premises, in which he lived and carried on his business, with the knowledge and permission of the plaintiff. In August, 1883, about $95 rent had become due to the plaintiff, and the plaintiff, by his agent, orally demanded payment thereof of defendant, and the defendant refused to pay, and thereupon the plaintiff gave the defendant the following notice to quit:

"*To James Fairs:*

Sir—You will please take notice that I have elected to terminate the lease of the premises that you now occupy and hold under me, and you are hereby notified to quit and deliver up the quiet and peaceable possession of said premises to me within fourteen days after service on you of this notice. Said premises being described as Lot number seven (7) Boynton & Judd's addition, situated in the township of Grand Rapids, in the county of Kent, State of Michigan.

Charles B. Judd,
Per B. C. Girdler,
Agent and Attorney for Charles B. Judd."

The defendant, on being served with this notice, refused to give up possession of the premises, and fifteen days thereafter the complainant instituted the proceedings had in this case. Possession was awarded the plaintiff by the commissioner, and on the trial of the appeal the circuit judge awarded to him the writ of restitution, holding, as a question of law upon the facts stated, that the notice given was sufficient to terminate the tenancy. This finding of law was excepted to by defendant's counsel, and raises the only question to be considered upon this record.

We think the finding of the circuit judge was correct. The legislation in this State has greatly changed the common-law requirement of the notice to quit to be given by the landlords to tenants of leased premises before restitution can be had. Under the rulings of this Court heretofore made, the defendant was a tenant from year to year, and had he kept up his rent, would have been entitled to a notice to quit, as such, from the landlord, ending with the year. But the defendant failed to pay his rent. The circuit judge finds, as one of the facts in the case, that the defendant not only owed, but that there was due to the plaintiff rent to the amount of $95 (it being the rent for over two years), when the notice to quit was served. The record further shows that the plaintiff asked defendant to pay this rent, and he refused so to do, and thereupon the plaintiff gave the foregoing notice to quit. The verbal demand of payment and the notice to quit were sufficient, and brought the plaintiff's case within the provisions of How. Stat. § 8295, subd. 2.[1] These views are sustained by the following decisions of this Court. *Morrill v. Mackman* 24 Mich. 279 ; *McSloy v. Ryan* 27 Mich. 110 ; *Coan v. Mole* 39 Mich. 454 ; *Moody v. Seaman* 46 Mich. 74.

The judgment of the circuit court must be affirmed.

COOLEY, C. J. and CAMPBELL, J. concurred. CHAMPLIN, J. did not sit in this case.

---

[1] § 8295. * * The person entitled to any premises may recover possession thereof in the manner hereinafter provided, in the following cases :

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

*Second.* When any rent shall have become due, on any such lease or agreement, and the tenant or person in possession shall have neglected or refused for seven days after demand of the possession of the premises, unless waived as aforesaid, made in writing, to deliver up possession of the premises or pay the rent so due.