## PARKER *v.* GEARY.

Opinion delivered February 18, 1892.

*Unlawful detainer—Failure to pay rent.*

> Failure or refusal of a tenant to pay rent when due and to quit possession after demand therefor in writing is, by statute (Mansf. Dig. sec. 3348), a ground for an action of unlawful detainer in favor of the landlord, independent of its being made a ground of forfeiture in the contract or lease.

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Parker brought an action of unlawful detainer against Geary. The complaint alleges that plaintiff is the owner of the lands sued for; that he rented the same to defendant; that defendant took possession of the lands under the contract; that rents became due and remained unpaid; that, upon such default, plaintiff in writing demanded possession of the premises; and that defendant failed and refused to deliver up the same.

A demurrer to the complaint was sustained, and the court dismissed the complaint. Plaintiff has appealed.

*Wood & Henderson*, for appellant.

1. As to what allegations are material and necessary in a complaint in an action of unlawful detainer, see 18 Ark. 284; *ib*. 304; 24 *id*. 575; 31 *id*. 296; 32 *id*. 313.

2. Prior to the act of 1875, under our rulings, in leases for years, where covenants are made to pay rents quarterly in advance, in the absence of a provision for re-entry, a breach of the covenant to pay rent only authorized a suit for damages. But, since the act of 1875, Mansf. Dig. sec. 3348, this rule has been abrogated. A failure to pay rent and quit possession after demand in writing entitles the landlord to bring unlawful detainer.

*Chas. D. Greaves*, for appellee.

It is essential that there be a covenant in a lease for re-entry to create a forfeiture for non-payment of rent. 41 Ark. 532; 55 Ark. 364; Taylor, Land. and Ten. secs. 506, 540; Woodfall, Land. and Ten. pp. 311, 319; Tiedeman, Real Property, sec. 193; 12 Am. & E. Enc. Law, 758*h*, and cases cited; 41 Ark. 541. Even if sec. 3348, Mansf. Dig., creates a forfeiture where none is provided

in the lease, courts would still exercise their judicial powers to give the tenant opportunity to defend, before prejudicially affecting his rights of property. Endlich, Int. of Stat. sec. 428. Courts always construe conditions so as to save a forfeiture, if it can fairly be done. 8 N. H. 174 ; 34 *id.* 406.

HEMINGWAY, J. Prior to the act of March 2, 1875, the statute regulating the action of unlawful detainer did not confer upon a landlord the right to maintain it for a failure and refusal to pay the rent when due and to quit possession upon demand in writing by the landlord. Gantt's Digest, sec. 2934. But the act of that date was an amendment of the existing law, and made this a ground of maintaining the action (Mansf. Dig. sec. 3348) ; and such was the law when this action was instituted.

The defendant argues that the amendment was designed to make this a ground of maintaining the action only where, by the terms of the lease, it was made a ground of forfeiture ; but if the tenant held after the termination of his lease by forfeiture, the landlord had a right, under the law as it stood, to maintain the action, and if the amendment were given the meaning contended for, it would make no change in the law it expressly amended. But the legislature must be presumed to have intended the amendment to have some effect ; and, to give it effect, it must be held to have made the failure and refusal to pay rent due, and to quit possession after demand in writing, a ground of action, independent of its being made a ground of forfeiture in the lease. Such is the statute law in most of the States, and our legislature but introduced into our law a remedy in general use elsewhere. 2 Taylor's Land. & Ten. (8th ed.), sec. 717, n. 2 and sec. 728*a*, n. 1 ; *Wright* v. *Gribble*, 26 Minn. 99 ; *Leary* v. *Pattison*, 66 Ill. 203 ; *Judd* v. *Fairs*, 53 Mich. 518 ; *Borden* v. *Sackett*, 113 Mass. 214.

It follows that the allegations of the complaint constituted a cause of action, and that the demurrer should have been overruled.

The judgment is reversed, and the cause will be remanded, with directions to overrule the demurrer, and to proceed further in accordance with law.