130     621
s90NW 424
D191US 561

PEOPLE *v.* VAN PELT.

1. STATUTES—REPEAL.
   Where the provisions of an act were not repeated in an act revising and amending the laws relating to the same subject, but were expressly saved thereby, a repeal of the latter leaves the original act in force.

2. SAME.
   An act revising and amending certain laws, and repealing inconsistent acts, does not affect statutes which are omitted, and not repugnant to its provisions.

3. SAME—SHIPPING GAME OUT OF STATE.
   Act No. 217, Pub. Acts 1901, providing that all game transported under cover shall be plainly marked on the outside of the package with the names of the consignor and consignee, point of billing, and destination, is not inconsistent with, but supplementary to, Act No. 196, Pub. Acts 1893, prohibiting the transportation of game from the State, and hence does not repeal the latter act.

4. PROPERTY IN GAME—CONSTITUTIONAL LAW.
   A prosecution under section 2 of Act No. 196, Pub. Acts 1893,—

a statute for the protection of game,—does not infringe the privileges and immunities granted to citizens by the Federal Constitution, as game is the property of the State, and it may make such restrictions for its protection as it deems best.

5. SAME—SEIZURE OF GAME—DUE PROCESS OF LAW.

In a prosecution for having in possession wild ducks with intent to ship them beyond the limits of the State, it is unnecessary to determine whether or not the proceeding authorized by the statute for the seizure of the ducks is due process of law.

Error to Wayne; Rohnert, J. Submitted May 8, 1902. (Docket No. 147.) Decided May 19, 1902.

William Van Pelt was convicted of a violation of the game laws, and sentenced to pay a fine of $25 and costs. Affirmed.

*E. T. Wood*, for appellant.

*Ormond F. Hunt*, Prosecuting Attorney, and *Louis C. Wurzer*, Assistant Prosecuting Attorney, for the people.

MONTGOMERY, J. Defendant was convicted of having in his possession and under his control wild ducks, with intent to ship them beyond the limits of the State. The complaint was made under section 2 of Act No. 196 of the Public Acts of 1893, being 2 Comp. Laws, § 5805. The defendant, by his counsel, contends that Act No. 196 of the Public Acts of 1893 has been repealed by subsequent legislation.

In 1897 the legislature passed Act No. 159 (2 Comp. Laws, § 5760 *et seq.*), entitled "An act to revise and amend the laws for the protection of game." This act contained a provision that "all other acts and parts of acts in conflict with or inconsistent with the provisions of this act are hereby repealed; but nothing contained in the provisions of this act shall be construed in any wise to repeal or abridge any of the provisions of Act No. 196 of the Pub-

lic Acts of 1893." In 1901 the legislature passed Act No. 217, entitled "An act to revise and amend the laws for the protection of game and birds." In the repealing section various statutes are named and repealed, among which is Act No. 159 of the Public Acts of 1897; and a general provision reads, "All other acts and parts of acts in conflict with or inconsistent with the provisions of this act are hereby repealed." Act No. 196 of the Public Acts of 1893 was not, in terms, repealed.

It is contended, however, that the effect of repealing Act No. 159 of the Public Acts of 1897 was to repeal Act No. 196 of the Public Acts of 1893, under the doctrine announced in *Moody* v. *Seaman*, 46 Mich. 74 (8 N. W. 711), where it was held that where a statutory provision was repealed, without change, in what purported to be an amendatory act, and the latter was afterwards repealed, the original provision was repealed also. We think this is not at all in point, and that the rule is wholly inapplicable to the question here involved. The provisions of the act of 1893 were not repeated in the act of 1897, nor do they derive their force in any way from the later enactment. On the contrary, by express terms it was declared that the act of 1897 should not be construed as a repeal of the act of 1893. The effect was to leave the act of 1893 in force, and having the same force, precisely, as if the act of 1897 had not been adopted.

Whether the act of 1901 operates as a repeal of the act of 1893, therefore, must depend upon whether its provisions are inconsistent with those of the earlier act. In the case of *People* v. *Huntley*, 112 Mich. 569 (71 N. W. 178), we laid down the rule that a revisal, under a title similar to the present, repealing all acts repugnant to the provisions thereof, does not affect statutes which are omitted, and which are not repugnant to its provisions; and that the rule of implied repeal is clearly inapplicable where the revising statute declares what effect it is intended to have upon the former law, as where it declares that it shall operate as a repeal of such provisions of the earlier laws as are inconsistent with it, as this is regarded as a decla-

ration that it shall repeal only such provisions, and leave unaffected such as are not inconsistent.

It is contended that the act of 1901 is inconsistent with the act of 1893, for the reason that it provides that all game or game birds transported under cover shall be plainly marked on the outside of the package such game or game birds are shipped in, with the name of the consignor and the consignee, the initial point of billing, and the destination, together with an itemized statement of the quantity of game or game birds contained therein. Can this provision be said to be inconsistent with the provisions of the act of 1893 prohibiting the transportation of game from the State? We think not. On the contrary, we agree with counsel for the people that these provisions are, rather, supplementary to the provisions of the act of 1893, and provide a means to aid the officers in detecting an infringement of the law. It is lawful to ship within the State, and, if the packages are marked for shipment within the State, it would furnish some evidence, at least, to the officers, that no further investigation would be required; and, if the legislature deemed that it was no offense to ship game out of the State, it is difficult to conceive why it should have been at all necessary to provide for thus plainly marking packages for shipment, as the public authorities would be in no way concerned with the question of the destination of such shipment.

It is contended that, as applied to the present case, this prosecution infringes the privileges and immunities granted to citizens by the fourteenth amendment to the Federal Constitution. The argument is that this game was taken on premises belonging to defendant, and that he is therefore privileged to do with it what he chooses. The fallacy in the argument consists in the assumption that the person who may shoot game has an absolute property right in the dead animals. It has frequently been held that game is the property of the State, and that the State has a right to make such restrictions as to its taking and use as it sees fit. See *American Express Co.*

v. *People*, 133 Ill. 649 (24 N. E. 758, 9 L. R. A. 138, 23 Am. St. Rep. 641); *Geer* v. *Connecticut*, 161 U. S. 530 (16 Sup. Ct. 600).

It is further contended that the proceeding authorized by this statute is not due process of law. All that is before this court upon defendant's appeal is his conviction for a misdemeanor. It is not essential that we determine whether the seizure of the ducks was or was not a lawful act; but, upon that subject, see the case of *Osborn* v. *Charlevoix Circuit Judge*, 114 Mich. 655 (72 N. W. 982).

We find no error in the case. The conviction will be affirmed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.