| 22 | 389 |
|----|-----|
| 54 | 314 |

----

## NUNN VS. STURGES ET AL.

We can not presume that a court of a sister State exercises a jurisdiction beyond its competency. Comity, good sense and law require the contrary presumption.

The presumption is, that such judgments will not be rendered without notice, and whatever appears in the record of such judgment to have been regarded by the court as a sufficient waiver of notice under their law, will be so held by this court.

*Error to Drew Circuit Court.*

Hon. John C. Murray, Circuit Judge.

Harrison, for the plaintiff.

The endorsement on the note being only an agreement to waive the formality of notice, did not deprive the defendant of the right to notice. 3 *Ark.* 263.

A waiver of the right to notice must be of record, and not *in pais*. 4 *Eng.* 452.

Nunn having neither appeared to the suit, received notice, nor waived his right thereto, the judgment against him was a nullity. 8 *Eng.* 34; 16 *Ark.* 47; 6 *Eng.* 157, 525.

Slemons, for the defendant.

To impeach the judgment of a court of another State for want of jurisdiction, the absence of jurisdiction must be affirmatively shown. 3 *Ark.* 532.

The non-residence of the party defendant should have been averred by plea in the court below. *Barkman vs. Hopkins*, 11 *Ark.* 157.

Under the plea of nul tiel record, the court will not go beyond the transcript. 15 *Ark.* 33.

Mr. Justice Fairchild delivered the opinion of the court.

On the 19th of January, 1854, Mary Sturges recovered judgment against Nunn in the Seventh Judicial District Court, held in and for the Parish of East Feliciana, Louisiana, for the sum of six hundred dollars, with eight per cent. per annum interest thereon, from the 1st of January, 1846. Upon this judgment, Mrs. Sturges, with her husband, brought an action of debt in the Circuit Court of Drew county, in which judgment was rendered against Nunn, and the writ of error issued in this case is to obtain the reversal of this judgment.

No point is made for our consideration under the plea of *nul tiel record,* and we do not perceive any objection to the

transcript of the record, which would have been available to Nunn under that plea.

Nunn also pleaded that he had no notice of the pendency of the suit, in which judgment was rendered against him in the Louisiana court, and that the court had no jurisdiction of his person when the judgment was rendered.

Upon the petition filed by the plaintiff in the Louisiana court is the following endorsement. "I hereby accept service of the " within petition, and waive the formality of citation. And I " hereby also confess judgment in favor of the plaintiff, Mrs. " Mary Sturges, for the amount claimed, viz: six hundred dol- " lars with interest thereon at the rate of eight per cent. per " annum from the first day of January, 1846, until paid. De- " cember 12th, 1853. L. B. Nunn." Upon the production of the foregoing endorsement, and proof of the signature of Nunn, and the exhibition of the note sued on, which had an acknowl- edgment of renewal upon its back, dated 29th October, 1851, the court gave the judgment against Nunn upon which this suit is brought.

It is objected to the judgment appealed from, that the en- dorsement of Nunn was but an admission of the debt, which could only be used as evidence, like other admissions, and that he ought to have had the opportunity of denying the signature or of pleading and showing any matter he could, and that would be lawful against its validity.

Every thing upon the face of the transcript of the judgment shows that it was obtained in a different proceeding from any suit that is conducted according to the observances of our courts or the practice of the common law. And as the court was evi- dently one of superior or general jurisdiction, one that must be taken, in the absence of proof to the contrary, to have had ju- risdiction of the subject matter of the suit, we must take it for granted, that it would not have proceeded to render judgment without first obtaining jurisdiction of the person of the debtor, the action appearing to be a personal action. It also appears that the court considered the endorsement equivalent to per-

sonal service, and to a confession of judgment, in open court, and we must presume that the court acted according to law. Besides, to us the plain meaning of the endorsement is, that Nunn thereby entered his appearance to the action begun by the petition, waiving the formality of citation, that is, waiving and in fact acknowledging the notice, the alleged want of which is the subject of Nunn's second plea. We cannot judicially act upon suspicion, information, or personal knowledge of the law of Louisiana, but comity, good sense and law require us to presume that its courts would not exercise jurisdiction over the person of a defendant, unless that jurisdiction was acquired by means known to its law ; and especially when we see an acknowledgment of the defendant, which is acted on as good personal service, and which could have been made for nothing else, than to submit himself to the jurisdiction of the court, and which is an actual acknowledgment that the plaintiff was seeking to obtain judgment against him.

In *Clary vs. Morehouse*, 3 *Ark.* 261, this court was deciding upon the effect, under our own law, of endorsement of waiver of process upon a declaration, and the decision was a construction of our own statutory mode of notice of a suit. But if the judgment entered in the Circuit Court in that case had not been reversed, and it had been sued on in Louisiana, the courts there would not have said that the judgment was void for want of notice to the defendants. It would have been presumed, as we presume with relation to the Louisiana court, that judgment would not have been rendered without notice, and that what appeared in the case as a waiver or acknowledgment of notice, and was so held to be, was well and legally done under our law, or system of practice. *Barkman vs. Hopkins*, 6 *Eng.* 157, was where the judgment, rendered in Louisiana, was without notice of any sort upon Barkman, without any waiver thereof, or any appearance by him to the action, and when he was a resident of this State. In another case brought upon a Georgia judgment, on a service that would be defective here, this court held that the service might be good in Georgia, and whether so

or not, though erroneous and informal in this and other respects, the judgment could not be void, *Buford vs. Kirkpatrick*, 13 *Ark.* 33. In *Iglehart vs. More*, 16 *Ark.* 47, the defendant in the Circuit Court had no notice actual or constructive, of the suit in Tennessee, and like Barkman, in *Barkman vs. Hopkins*, did not waive notice, or appear to the action, and was not a resident of Tennessee during the pending of the proceeding in that State. Like facts, and the fact that the record showed the defendant to be a non-resident, relieved Merrick on a plea of *nul tiel record*, from a judgment entered against him in Massachusetts, *Kimball vs. Merrick*, 20 *Ark.* 15, 16.

In this case, as in *Buford vs. Hopkins*, the defendant failed to plead, or show that he did not reside in the State where the judgment was given against him.

The cases recited from our own reports, and other cases, hold that a judgment of another State must have the same effect here, as where rendered, unless the party denies actual notice of the suit or appearance thereto, or that, as a non-resident of the State he was not subject to special statutory modes of notice, that have no extra-territorial force.

We cannot say but that the judgment in Louisiana against Nunn would be there held as a judgment upon good notice: we believe that the court acted as having jurisdiction of his person, that the judgment was not void there, and must, consequently, be held to have determined that Nunn was indebted to Mrs. Sturges, for which she and her husband are entitled to the benefit of their judgment in the Drew Circuit Court, made less by the *remittitur* agreed to by their counsel, but with the condition affixed by the rule of this court to a judgment that is abated from its original amount.