## No. 12,829.

MUTUAL NATIONAL BANK OF NEW ORLEANS VS. JOHN T. MOORE, JR., ET AL.

A paper which has been voluntarily executed by the defendants in a suit pending and therein filed, which contains the recital that " we hereby enter our appearance to said cause," signifies that they make an appearance therein for every necessary purpose of said cause.

A personal judgment which has been pronounced in a chancery court of the State of Alabama, against a non-resident of that State, upon such an appearance therein filed, will be recognized and enforced as a valid and jurisdictional decree *in personam* against such defendants as citizens of the State of Louisiana by the courts thereof.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Joseph Brewer* and *Dufour & Dufour* for Plaintiff and Appellee.

*Robert G. Dugué* for John T. Moore, Jr., Defendant and Appellant.

Argued and submitted November 12, 1898.
Opinion handed down December 5, 1898.

The opinion of the court was delivered by

WATKINS, J. The object of this suit is to render executory a judgment in a suit of same title which was rendered by the Chancery Court of Jefferson county, State of Alabama, and in this proceeding the plaintiff claims the benefit of that provision of the Federal Constitution which declares that full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State.

In the court below there was judgment rendered in plaintiff's favor, and the defendant, John T. Moore, Jr., alone prosecutes a devolutive appeal therefrom.

In this court the plaintiff and appellee has filed an answer to the appeal in which it assigns that same is frivolous, and that the judgment appealed from should be affirmed, and that ten per cent. on the amount of the judgment should be awarded in its favor for a frivolous appeal; and the defendant and appellant filed in this court as an

assignment of error that there is no ground of action stated against him. Damages for a frivolous appeal are not allowable when the appeal is only devolutive. Such an appeal does not delay the execution of the ju 'gment. C. P. 907; Berges vs. Daverde, 50 An., recently decided, and the authorities therein cited.

The assignment of error is not well taken. The answer of the defendant, John T. Moore, Jr., is a general denial, coupled with the averment that a valid, personal judgment was never obtained against him in the Alabama court; that he was never cited personally to appear and answer therein, and that he neither appeared or answered in the aforesaid cause therein, nor made any appearance therein upon which a valid judgment *could* have been therein rendered against him personally.

That for these good and sufficient reasons no good and valid judgment *has been* rendered against him; and hence he is not bound by the judgment which was therein pronounced against him personally, and which is sought to be rendered executory against him herein— he having been a citizen of the State of Louisiana at the time said suit was filed and when the judgment was rendered, and consequently a non-resident of the State of Alabama.

In the District Court, the suit was tried and decided, exclusively upon a transcript of the suit and judgment in the Alabama court; hence, in our conception, the only question that is open to discussion and decision in this court is whether the Alabama court had jurisdiction *in personam* to render *a* judgment against John T. Moore, Jr., a citizen of Louisiana.

If it was possessed of such jurisdiction, then this court will of necessity assume that everything that was done by that court in that suit was regularly and legally done, and that it is its duty to recognize same and give it force and efficacy here.

The transcript of that suit shows that the plaintiff or complainant filed a bill in the chancery court of Jefferson county, Alabama, against John T. Moore and Philip Thompson, alleging them to be non-residents of that State; and that John T. Moore, Jr., executed a promissory note on the 26th of December, 1889, to the order of himself and by him endorsed for the sum of four thousand seven hundred dollars, payable one year after date, with interest at the rate of eight per cent per annum, from date until paid.

It is therein further alleged that said Moore at the same time

secured the payment of said note by the execution of an act of mortgage upon property in the city of Birmingham, Ala., and that subseqnently said note and mortgage were delivered to Philip Thompson, and he pledged same to the complainant as a collateral security for the loan of said sum of four thousand seven hundred dollars. That at the maturity thereof said note was not paid, and that complainant caused same to be protested as to both Moore and Thompson; and that same is due for the full amount thereof, principal and interest, and that it is the owner thereof.

That the law day of said mortgage was the day said note became due, and same having passed and the debt thereby secured not having been paid, the property described is liable for said debt, and complainant has the right to have the same to satisfy the lien created by the mortgage.

The prayer of the bill of complaint is, that the court take jurisdiction of the cause, that Moore and Thompson be made parties defendant; that it be referred to the register to ascertain and report what amount is due complainant, principal, interest and costs; "that the property be sold to pay the same, and if there be a deficiency, that personal decree be rendered therefor;" and that complainant have such other and further relief as may seem to the court meet and proper.

Of the filing of this bill due notice was given by publication; and upon the failure of either of the defendants to appear and answer or demur to the bill a decree *pro confesso* was entered against each of them, and a decree of reference was duly rendered, and thereupon a decree of sale of the mortgaged property was pronounced.

But the decree of sale contained this stipulation, viz. :

'" That this decree be not executed for eighteen months unless complainant enter into bond in the sum of three thousand dollars, payable to and approved by the register, and conditioned as required by Sec. 3495 of the Code of Alabama," etc.

At this stage of the proceedings the two defendants, Moore and Thompson, voluntarily executed the following written instrument, viz. :

" PARISH OF ORLEANS, STATE OF LOUISIANA.

" *To the Hon. Thomas Cobbs, Chancellor of the Northwestern Chancery Division of the State of Alabama:*

" We, John T. Moore, Jr., and Philip Thompson, of the aforesáid parish and State, who are the defendants in a certain cause pending

in the Chancery Court of Jefferson county, Alabama, wherein the Mutual National Bank of New Orleans, La., is complainant and we are defendants,in which cause judgment has been rendered in favor of the said Mutual National Bank of New Orleans, La., against us for the sum of five thousand four hundred and ninety-four and 50-100 dollars, condemning the property conveyed by the mortgage on file in said cause to be sold to satisfy said judgment, but which decree suspends the execution of said sale for eighteen months because we were non-residents, and were not served with personal process, unless bond be given as the law directs for the sum of three thousand dollars, hereby enter our appearance to said cause, and expressly waive the giving of said bond, and consent that said sale may take place as soon as it is practicable."

Upon the production and filing of said appearance and waiver in said cause, the court entered up the following decree to sell the mortgaged property, viz.:

"In this cause it appearing to the court that the defendants John T. Moore, Jr., and Philip Thompson having in writing properly executed before a notary public, and which is on file in this court, entered their appearance in this cause, have waived the giving of the bond required by the former decree of this court, and consented that the sale of the land be made in this cause may take place as soon as practicable; it is therefore ordered  *  *  *  that the sale take place without further delay," etc.

The register proceeded thereupon to make the sale of the mortgaged property, and his report shows that same was adjudicated to the complainant at the sum and price of twenty-five hundred dollars; and said report and adjudication were subsequently approved and confirmed by a decree of the court conformably to law.

Thereupon the complainant filed a petition for a decree of reference in which it is alleged substantially that it had obtained a judgment, ordering a sale of the mortgaged property, that the proceeds of sale amounted to twenty-five hundred dollars, for which sum the defendants are entitled to a credit, less costs, etc. Complainant then alleges that the "defendants are non-residents, but that they in writing appeared in this cause, all of which appears of record in this court.

"The premises considered, petitioner respectfully requests that a decree of reference be ordered to ascertain the matters above re-

ferred to, and report the same to your Honor, and that your Honor will render a personal decree for such balance as may be reported due complainant from the defendants," etc.

The order of reference was made and the register's report showed that the amount of the balance due was three thousand two hundred and forty-two dollars and seventy-three cents.

It was upon this state of the record that the court pronounced judgment in favor of the complainant for that sum against the defendants, Moore and Thompson, personally.

On the foregoing statement it is evident that the Alabama court accepted and treated the aforesaid agreement as an appearance in said cause *then pending*, and based its subsequent decree against the defendants personally, thereon; and the question for decision by this court is whether its judgment is and was valid and jurisdictional.

We think it was manifestly so. The meaning of the phrase, "we hereby enter our appearance to said cause," means just what it says, and an appearance in a pending cause signifies an appearance *for every purpose in said cause.*

Otherwise it would be meaningless.

It was prepared, as its language and terms fully import, for use in that suit, and the defendants are conclusively bound thereby.

Judgment affirmed.

MR. JUSTICE BLANCHARD dissents.