HAYES GRAIN & COMMISSION COMPANY *v.* FEDERAL GRAIN COMPANY.

Opinion delivered December 7, 1925.

CONTRACT—PERFORMANCE—FINALITY OF INSPECTION.—Where parties to a contract of sale agreed that inspection of a grain inspector at Kansas City should be final in case of dispute, his inspection was final, in the absence of fraud or gross mistake, and the fact that several inspections by competent inspectors elsewhere differed from that of the inspector named did not tend to show bad faith on the latter's part.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; affirmed.

*Price Shofner,* for appellant.

*Gray, Burrow & McDonnell,* for appellee.

HUMPHREYS, J. This is the second appeal in this case. Since the pleadings and evidence reflected by this record are identical with the pleadings and evidence reflected by the record on the first appeal, reference is made

to the case of *Federal Grain Company* v. *Hayes Grain &
Commission Co.*, 161 Ark. 51, for a statement herein. By
reference to that case it will be seen that the judgment
was reversed and the cause remanded for a new trial
because the trial court erroneously instructed the jury
to the effect that the inspection of the grain inspector at
Kansas City that parties had agreed should be final in
case of a dispute arising between them might be dis-
regarded if the inspection was the result of gross mis-
take. The Supreme Court announced the true rule to
be that such an inspection could not be disregarded un-
less it could be shown that it was either the result of
actual fraud or such gross mistake as necessarily implied
bad faith or a failure to exercise an honest judgment upon
the part of the inspector. In remanding the case for a
new trial the court specifically refrained from passing
upon the legal sufficiency of the evidence to support the
verdict in favor of the appellant herein. Upon the re-
trial of the case appellant herein requested an instruc-
tion embodying the rule announced by the court appli-
cable in such cases, which the court refused to give be-
cause of an insufficiency of proof to meet the requirements
of the rule, but instead peremptorily instructed a verdict
in favor of appellee herein. A judgment was rendered
in accordance with the instructed verdict, from which an
appeal has been duly prosecuted to this court. The only
question presented by the appeal is whether or not there
is any substantial testimony in the record tending to show
that the result of the inspection in Kansas City was
reached through the fraud of the inspector or through
such a gross mistake on his part as would necessarily
imply bad faith or a failure to exercise an honest judg-
ment. The record fails to disclose any evidence at all
tending to show that the Kansas City inspector was
guilty of actual fraud in making the inspection. The
only fact in the record from which appellant contends
that fraud may be inferred is the fact that several inspec-
tions made in Little Rock by competent inspectors showed

that the oat's were grade No. 4, instead of grade No. 3, as shown by the Kansas City inspection. We do not think this was such a gross mistake that it tended to show bad faith on the part of the Kansas City inspector. Since there is a total failure of evidence tending to show fraud or such a gross mistake in grading the oats that fraud might reasonably be inferred, the judgment must be affirmed. It is so ordered.