PURSE BROTHERS *v.* WATKINS.

Opinion delivered June 14, 1926.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A verdict upon conflicting testimony is conclusive.

2. APPEARANCE—FILING ANSWER.—Though defendants were not personally served with process, they will be held to have entered their appearance for all purposes by voluntarily filing an answer to the complaint.

3. PROCESS—NECESSITY AFTER AMENDMENT OF PLEADING.—It was not error to permit a complaint to be amended after notice to

allege greater damages without new service of process, where defendants, though not personally served, entered their appearance by filing an answer.

4. TRIAL—REFUSAL OF INSTRUCTION ALREADY COVERED.—It was not error to refuse an instruction covered by one given by the court.

Appeal from Howard Circuit Court; *B. E. Isbell*, Judge; affirmed.

*Pinnix & Pinnix* and *W. C. Rodgers*, for appellant.

*J. G. Sain* and *Geo. R. Steel*, for appellee.

SMITH, J.   This action was brought by appellee Watkins against appellants, Purse Bros., who are produce dealers, with their place of business in Detroit, Michigan, for damages arising from an alleged breach of contract.

It was alleged in the complaint that on June 18, 1923, appellee entered into a written contract with appellants for the sale of eight cars of peaches of the following specifications:

"No. 1 ring-pack corrugated top, $2.60.   No. 2 ring-faced corrugated top, $1.60.   No. 1 peaches are to be 1¾ inches and above.   No. 2 slightly smaller.   Peaches to be paid for when loaded and bill of lading signed."

Appellee shipped to appellants, pursuant to said contract, six cars of peaches of the kind and character specified in said contract, and, upon arrival of same in Detroit, they were inspected and rejected, whereby appellee was damaged in the sum of $400, for which amount he prayed judgment.

Appellants filed an answer, in which they alleged that the peaches did not come up to the requirements of the contract, in that many of the peaches shipped as No. 1 contained twenty to thirty per cent. of No. 2, and that the peaches were not of the grade, pack or quality called for by the contract.

Some time after appellants had filed their answer, appellee amended his complaint to allege that the damages sustained amounted to $806.70.   The allegations of the complaint were not changed except to allege greater damages had been sustained than the original complaint alleged.

Appellants filed a motion to strike the amended complaint from the files, "for the reason that the defendants have not been served with process within the jurisdiction of this court." Appellants had entered their appearance voluntarily to a suit wherein only $400 damages were claimed, and it was objected that, inasmuch as there had been no personal service, the court should not permit the cause of action to be changed by allowing appellee to claim an increased amount as damages. This motion was overruled, and exceptions were saved. Thereafter, reserving their exceptions, appellants filed an answer denying any liability, as had been done in their original answer.

It was shown that the terms, "No 1 ring-pack corrugated top" and "No 2 ring-faced corrugated top," were trade terms, having a well-known and certain meaning to those engaged in buying and shipping peaches, and the testimony was conflicting as to whether the peaches came up to the standard which those trade terms implied.

The testimony on the part of the appellee was to the effect that the peaches graded up to the specifications required by the contract, that the peaches were in fact of a better quality than the contract required; whereas the testimony on the part of appellants is to the contrary.

The deposition of Ida M. Burns was taken, and she testified that she was a clerk in the Bureau of Agricultural Economics, stationed at Detroit, and that she had in her custody inspection certificates, made by members of her department, on produce shipped to Detroit, and she produced inspection certificates covering five cars of the peaches involved in this litigation, according to which certificates many of the peaches were hail-pricked and scabby and to an extent that the peaches did not grade up to the specifications of the contract. Other testimony to the same effect was offered, but, as we have said, the testimony was conflicting on this question, and the testimony is legally sufficient to support either contention concerning the quality and grade of the peaches.

Unlike the case of *Federal Grain Co.* v. *Hayes Grain & Commission Co.*, 161 Ark. 51, and the same case reported in 169 Ark. 1072, there was no provision whereby any arbitration of the question was provided for, and the verdict of the jury must therefore be treated as conclusive of this question of fact.

It is also insisted that the court erred in giving and in refusing to give certain instructions.

We do not think any error was committed in permitting appellee to amend his complaint to allege a greater damage than that claimed in the original complaint. It is true there was no personal service, but appellants voluntarily filed an answer to the original complaint, and this action entered their appearance as completely as if they had been personally served with process.

In the case of *S. R. Morgan & Co.* v. *Pace*, 145 Ark. 273, the plaintiff sued the defendant to recover the sum of $500 alleged to be due for legal services, and a judgment was rendered by default for that amount. This judgment was later set aside, and an answer was filed in which the defendant denied liability. Thereafter the plaintiff filed an amended complaint in which the value of the services was alleged to be $1,000. No summons was issued on the amended complaint or notice given to the defendant of the claim for the additional amount, and no answer was filed to the amended complaint. The cause was set down for trial, and defendant failed to appear, whereupon a trial was had and a verdict was returned in favor of the plaintiff for $750. Upon the appeal from the judgment pronounced upon the verdict, it was insisted by the defendant below, appellant here, that the increase in the amount claimed in the amended complaint stated a new cause of action, which necessitated the issuance and service of an additional summons. The original action for $500 covered the same transaction, and was alleged in identical language in the amended complaint. We said that, under the statute, a plaintiff may file an amended complaint before answer filed without permission of the

court, but that, after answer had been filed, the complaint could only be amended by permission of the court, and then upon such terms as might be imposed by the court, and that ''to allow an amendment, after the issues have been joined, increasing the amount of a claim, and to render a judgment for the additional amount claimed, without notice to a defendant, would be an abuse of sound discretion,'' for the reason that the defendant had the right to make default in reliance upon the case proceeding to a hearing upon the issues joined. The judgment appealed from was reduced to $500, the amount claimed in the original complaint, and affirmed for that sum.

It appears from the language quoted that new service of process was not required. The amendment to the complaint enlarging the sum claimed was not treated as a new cause of action, and it was required only that permission to amend be obtained from the court and that notice of the amendment be given the defendant, so that he might not, in case he elected not to defend the action, rely upon the assumption that no greater judgment would be rendered than had been prayed for in the complaint which the process served upon him required him to answer. Here there was permission from the court and notice to the defendant. A motion was made to strike the amended complaint, and this motion was overruled, so that appellant had ample opportunity to resist the increased claim as well as the original demand.

In volume 1 Encyclopedia of Pleading and Practice, § 10 of the chapter on Amendments, at page 586, it is said: ''Amendments of the *ad damnum* are never deemed to constitute a new cause of action. Hence that frequent ground of objection will not hold at any stage of the case against amendments increasing or reducing the amount demanded.'' See also Phillips' Code Pleading, § 315, and note to the case of *Commonwealth v. A. B. Baxter & Co.*, 42 L. R. A. (N. S.) 484.

Appellants asked instructions to the effect that the contract was an entire one, that appellants were not required to accept any of the cars unless all of the cars

came up to the specifications, and that appellants were not required to accept the peaches unless they were of a kind which could be handled by them under the grade, quality and size called for by the contract. No error was committed in refusing these instructions, for the reason that the instructions given submitted the question of fact whether the peaches conformed to the contract, and required a finding that appellee shipped to appellants, "in pursuance to said contract, six cars of peaches of the kind, grade and specifications provided in said contract," before finding for the plaintiff. There was no question about the deterioration of the peaches in shipment, and the grade of the peaches was, when received, the same as when they were shipped. The instructions required the jury to find, before returning a verdict for the plaintiff, that the peaches were of the kind, grade and quality specified in the contract, and, if they were, plaintiff was entitled to a verdict for any damages sustained by reason of appellants' refusal to receive them.

When appellants refused to receive the peaches, appellee ordered the peaches sold by another dealer, and no complaint is made that the verdict returned by the jury, which was for the sum of $793.80, is excessive.

Finding no error, the judgment is affirmed.