## BURKHOLDER *v.* SMITH.

### Opinion delivered March 28, 1927.

IMPROVEMENT DISTRICT—SALE OF BONDS—BREACH OF CONTRACT.—A contract for the sale of bonds by an improvement district was not breached by the commissioners of the district where they refused to accept as part payment the buyer's certified check, which had become the subject of garnishment proceedings, and was in litigation between the buyer and another.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; affirmed.

Action by G. E. Burkholder, trading as Burkholder Bond Company, against A. P. Smith, W. D. Braddock and W. M. Rankin, commissioners of Street Improvement District No. 376.

*Melbourne M. Martin,* for appellant.

*Downie & Schoggen,* for appellee.

HUMPHREYS, J. This suit was brought by appellant against appellees in the circuit court of Pulaski County, Second Division, to recover $4,400 as damages on account

of an alleged breach of contract in the sale and purchase of $53,500 of the district's bonds. The alleged breach consisted in the refusal of the district, through its qualified and acting officers, to deliver said bonds to appellant upon payment to them of $48,963.11, in addition to his certified check for $1,000 which he had deposited with them as purchase money when the contract was signed.

Appellees filed an answer, denying a breach of the contract on the part of the district in refusing to deliver the bonds upon payment of $48,963.11, alleging that the $1,000 check had been garnished in an action in the circuit court of Pulaski County wherein M. W. Elkins was plaintiff and appellant was defendant. The cause was submitted on the pleadings and testimony, which resulted in a judgment upon an instructed verdict in favor of appellees, from which is this appeal.

The contract alleged to have been breached is as follows:

"CONTRACT OF PURCHASE.

"September 29, 1924.

"To Commissioners of Street Improvement District No. 376, Little Rock, Arkansas.

"For the approximately $54,000 bonds of Street Improvement District No. 376, to be in denominations of $500 or $1,000, at our option, to be dated August 1, 1924, and to mature serially 1926 to 1945, said maturities to be approved by the attorney of the district and our attorney, and to draw interest at the rate of six per cent. (6%) per annum, payable semi-annually on February 1 and August 1 of each year, both principal and interest to be payable at St. Louis Union Trust Company, St. Louis, Mo., we will pay you ninety-seven and 50/100 dollars for each one hundred dollars of the par value or face value of the bonds delivered to us in St. Louis, Mo., subject to the following conditions:

"1. Prior to the delivery of the bonds to us we are to be furnished a complete certified transcript of the proceedings authorizing the issuance of the bonds, which shall evidence to the satisfaction of a firm of recognized

bond attorneys, Rose, Hemingway, Cantrell & Loughborough, selected by us, that the bonds are a legal and binding obligation of Street Imp. Dist. No. 376. The fee of said attorneys to be paid by the district.

"2. The bonds are to be prepared and printed under our direction and the cost of same to be paid by the district.

"3. The fee for certifying these bonds to be borne by the district, and it is understood that we are to have no expense whatsoever.

"4. The bonds are to be delivered in accordance with the conditions of this proposal, to us in St. Louis, Mo., on or before November 1, 1924, otherwise thereafter at our option.

"5. It is hereby agreed that we are to have the right, at our option, of converting the interest rate on the bonds to 5½ per cent., all other features of this proposal to remain unchanged, except that the purchase price above stipulated for 6 per cent. bonds will be changed to conform to the same income basis price for 5½ per cent. bonds based upon standard tables of bond values.

"6. As evidence of our good faith, we attach hereto cashier's check No. 31030 of the Nat'l City Bank, St. Louis, in the amount of $1,000, indorsed to your order, which check is to be held uncashed as earnest money and eventually utilized as part payment for said bonds, when delivered to us in accordance with the terms of this proposal; or returned to us in case the aforesaid attorneys are unable to approve the legality of the bonds; or forfeited as liquidated damages in full settlement of our liability in the event that we fail to comply with the above terms of this proposal.

"This proposal is made for immediate acceptance or rejection, and, if rejected, the cashier's check attached hereto is to be returned.

                "BURKHOLDER BOND CO.

                    "By G. E. Burkholder.

"The above and foregoing proposal is hereby accepted, and a copy thereof is ordered spread upon the

minutes of the proceedings of this meeting held at Little Rock, Arkansas, this twenty-ninth day of September, 1924.

> "Street Imp. District No. 376,
> "Little Rock, Ark.
> "By W. D. Braddock, Secy.
> "A. V. Smith, Chm'n.
> "W. M. Rankin, Com's'r."

The facts material to a determination of the controlling questions on this appeal are undisputed. On November 17 W. M. Rankin, one of the commissioners of the district, and W. W. Shepherd, one of its attorneys, presented the bonds to appellant at his place of business in St. Louis for acceptance and payment in cash of the full consideration, amounting, by agreement, to $49,963.11. Appellant agreed to accept the bonds if the district would allow him a credit of $1,000 on the cash payment for the certified check he had given them when the contract was executed. The credit was refused on the ground that a writ of garnishment had been served on the district on the 3rd day of October, 1924, impounding the check in a suit in the circuit court of Pulaski County, wherein M. W. Elkins was plaintiff and appellant was defendant, which suit had been transferred to the chancery court and was undecided at the time the bonds were presented. It appears that on October 14, 1924, the district filed its answer to the garnishment, setting out the contract between appellant and defendant, praying for its dismissal. On October 28, 1924, the appellant filed a motion to quash the writ of garnishment. On October 31, 1924, the motion was overruled, and the suit in which the garnishment was issued was transferred to the chancery court.

We do not think the district breached the contract by refusing to accept the $1,000 check as part payment for the bonds. Under the terms of the contract the check became the property of appellant after November 1, 1924, for it was optional with him, after that time.

whether he would buy the bonds. The district could not have appropriated the check after November 1, either as part payment for the bonds or as liquidated damages for appellant's refusal to take the bonds. In other words, the district had no interest in the check after November 1, 1924, and it, being the individual property of appellant, was subject to garnishment. The refusal of the court to quash the writ and transfer the action carrying the garnishment proceedings therein to the chancery court justified the commissioners of the district in refusing to accept the check, thus impounded, as part payment for the bonds. The validity of the writ of garnishment was a question for the court, and not the commissioners of the district, to determine. The burden did not rest upon the district after November 1, 1924, to make further defense to the suit of M. W. Elkins seeking to recover the proceeds of the check to apply on appellant's indebtedness to him, as it no longer had any interest in the check. It would indeed be a harsh and unjust rule to require commissioners of an improvement district, acting in the capacity of trustees for public funds, to accept in part payment of the district's bonds, checks of a purchaser which had become the subject-matter of litigation. Appellant, having refused to exercise his option by paying full consideration therefor, was not entitled to recover damages for the alleged breach of the contract by the district.

No error appearing, the judgment is affirmed.