BRICKELL *v.* GUARANTY LOAN & TRUST COMPANY.

4-4287

Opinion delivered April 27, 1936.

W. P. Brickell, Jr., and W. E. Douglas, for appellant.

Moore & Burke and G. D. Walker, for appellees.

MEHAFFY, J.  The appellant, W. P. Brickell, Jr., is justice of the peace of Hickory Ridge township, Phillips County, Arkansas.  The appellees were defendants in an attachment suit brought by C. F. Fisher in appellant's court.

The appellees filed a motion to transfer the cases to the municipal court in Helena.  The motion was denied on the ground that act 18 of the Acts of 1917 was unconstitutional.  This act established a corporation court in the city of Helena to be styled the Municipal Court of Helena.  Section 20 of said act is as follows: "In any civil case brought before a justice of the peace in Phillips County, the defendant may, on motion without any affidavit or supporting witnesses, take a change of venue to said municipal court, without the prepayment or tender of any fees, a justice of the peace, upon the filing of such motion, to have no further jurisdiction in the case, except for the purpose of preparing transcript for said municipal court."

When the justice of the peace refused to transfer the case or to grant the change of venue to the municipal court, the appellees filed a petition in the Phillips Circuit Court for a writ of mandamus, commanding and compelling W. P. Brickell, Jr., as justice of the peace, to transfer said cause to the municipal court at Helena, Arkansas. The petition was properly verified.

The appellant, W. P. Brickell, Jr., on the same day that the petition for a writ of mandamus was filed, filed the following entry of appearance, and waiver of service of summons: "Comes the defendant, W. P. Brickell, Jr., justice of the peace of Hickory Ridge township, and waives issuance of and service of summons in this cause and enters his appearance herein for all purposes, and

further consents that this cause may be heard by the court upon the adjourned day to be held November 19, 1935.''

After the appellant had filed the written entry of appearance, he filed the following demurrer: ''The defendant, W. P. Brickell, Jr., demurs generally to the complaint filed herein for the reason that the plaintiffs had other adequate remedies at law.

''That the complaint does not contain allegations or statements which, if true, are such as would constitute a cause of action against the defendant, that §§ 6418, 6419, 6420, 6421 of Crawford & Moses' Digest govern the actions of the justice of the peace in matters of changes of venue. That defendant, as justice of the peace, was governed by the general law and not by any special act, and only used his discretion, that he felt was right and proper, in refusing to grant said motion, as defendants had adequate remedies cited herein for all relief they were entitled, and that the plaintiffs hereto did not avail themselves of the adequate remedies set out under such sections, although the same were extended them by the defendant.''

The appellant also filed the following special demurrer: ''Comes the defendant and demurs to the jurisdiction of the court to hear and determine this cause, and for special reason states: That petitioners herein failed to give the statutory notice of ten days as is required by law at or before filing of the petition herein as said notice is mandatory and without the same having been given this court is without jurisdiction to hear and determine the same. Although defendant herein signed a waiver of said notice as under our law made and provided, jurisdictional question cannot be waived.

''That the defendant further demurs to the jurisdiction of the court for the reason that he believes § 20 of the special act of the Legislature of 1917 is unconstitutional.''

The court overruled the demurrers. The appellant excepted, declined to plead further, and the court entered judgment in favor of appellee, and directed that a writ

of mandamus be issued. Motion for new trial was filed and overruled, and appeal prosecuted to this court.

It is first contended that § 20 of act 18 of the Acts of the General Assembly of 1917 is unconstitutional and void. Section 20 of act 18 of 1917 is substantially the same as § 23 of act 87 of 1915.

Section 1 of article 7 of the Constitution reads in part as follows: ''The General Assembly may also vest such jurisdiction as may be deemed necessary in municipal corporation courts, courts of common pleas, where established, and when deemed expedient, may establish separate courts of chancery.''

Section 43 of article 7 of the Constitution provides for the creation of corporation courts in towns and cities, and authorizes the Legislature to vest such courts with certain jurisdiction.

This court has said in passing upon act 87 of the Acts of 1915, which, as we have already said, had substantially the same provision that the act creating the municipal court of Helena has: ''No limitation is found in the Constitution upon the power of the Legislature to vest jurisdiction in municipal courts when established beyond the geographical limits of the municipality. Nor can it be said that there exists any policy or sound reason for restricting the jurisdiction to such geographical limits.'' *State ex rel. Wm. L. Moose* v. *Woodruff*, 120 Ark. 406, 179 S. W. 813.

The above case settles the constitutionality of the law, and if the Legislature had authority to pass the law establishing the court, it had authority to prescribe the manner in which a change of venue could be taken from justices of the peace.

Act 2 of the General Assembly of 1917, under the provisions of which the municipal court of the city of Hot Springs was established, had substantially the same provision with reference to change of venue that the other acts above mentioned had, and this court, in passing on that case, said: ''The act of the General Assembly creating the municipal court gave it jurisdiction exclusive of the justices of the peace in townships subject to this act,

and concurrent with the circuit court over all misdemeanors committed in violation of the laws of the State within the limits of the county. A similar statute was upheld in the case of the *State ex rel. Moose* v. *Woodruff,* 120 Ark. 406, 179 S. W. 813.'' *Covill* v. *Gerschmay,* 145 Ark. 269, 224 S. W. 609.

The Constitution expressly authorizes the Legislature to establish municipal courts, and to vest such jurisdiction in said courts as may be deemed necessary. There is no provision of the Constitution limiting the jurisdiction to the municipality, and there is no provision in the Constitution prescribing the manner in which changes of venue in civil cases may be taken.

The Legislature, therefore, had the right to provide for a change of venue as it did in the three acts above mentioned. The fact that there are other acts or general laws prescribing the manner in which changes of venue may be taken from justice of the peace court did not prohibit the Legislature from passing a law prescribing a different method. If not limited by the Constitution, the Legislature may pass any law with reference to procedure in courts.

It is contended by the appellant that the circuit court did not have jurisdiction because no notice was given as required by § 6251 of Crawford & Moses' Digest. That section reads as follows: ''Notice of such motion shall be served upon the party against whom the judgment or order is sought, at least ten days before the motion is made.'' The notice merely performs the functions of a summons, and, like the issue· and service of summons, may be waived. The notice is required solely for the benefit of the party against whom the judgment or order is sought, and being for his benefit, he may, of course, waive the notice.

''A person for whose benefit or protection a notice should be given may waive the same.'' 46 C. J. 552; *Kirk* v. *Bonner,* 186 Ark. 1063, 57 S. W. (2d) 802; *St. Louis-San Francisco Ry. Co.* v. *State,* 179 Ark. 1128, 20 S. W. (2d) 878; 38 C. J. 913; *State ex rel. Murphy* v. *Second Judicial Dist. Court,* 99 Mont. 209, 41 Pac. (2d) 1113.

It is also contended by the appellant that appellees had other adequate remedies. But little need be said as to this contention. The duty to transfer the case was imposed by statute, and the statute provides that when the motion is filed that the justice of the peace shall have no further jurisdiction in the case except for the purpose of preparing a transcript for said municipal court. This suit was brought to compel the justice of the peace to perform a duty required of him by the law, and mandamus was the proper remedy.

We find no error, and the judgment of the circuit court is affirmed.