ADAMS *v.* PACE, SHERIFF.

Crim. 4027.

Opinion delivered April 19, 1937.

*E. M. Ditmon,* for appellant.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

MEHAFFY, J. On December 9, 1936, information having been filed against Betty Adams in the municipal court of the city of Fort Smith, Arkansas, she appeared, and after being advised by the court of the nature of the charge filed against her, she entered a plea of guilty to the charge of habitual prostitution, and was sentenced to the Arkansas State Farm for Women, the court finding, or being of opinion, that the appellant will be benefited physically, mentally and morally by such commitment.

On December 10, 1936, appellant filed a petition for writ of *habeas corpus* before the Honorable J. Sam Wood, judge of the circuit court. The writ was issued and response filed by the sheriff, in which he stated that he held appellant by virtue of a commitment issued by the judge of the municipal court.

On December 17, 1936, the petition was heard and the writ denied, and appellant prayed an appeal to the Supreme Court, which was granted.

We have repeatedly held that the correct practice to review the decision of a judge in *habeas corpus* proceedings is by a writ of certiorari. We have, however, held that when the record is all here, we can treat the appeal as a petition for a writ of certiorari, and hear the case.

The contention of appellant is that the municipal court of the city of Fort Smith was without jurisdiction, and such commitment and confinement is illegal and void.

Section 1 of article 7 of the Constitution of the State of Arkansas provides, among other things, that the General Assembly may vest such jurisdiction as may be deemed necessary in municipal corporation courts. That is, the Legislature is authorized by the Constitution to vest such jurisdiction in the municipal courts as it thinks necessary.

In the case of *State ex rel. Wm. L. Moose, Attorney General,* v. *Woodruff,* 120 Ark. 406, 179 S. W. 813, the court held that the act creating the municipal court at Little Rock was valid; that under the provision of the Constitution above mentioned the Legislature had authority not only to give jurisdiction to the municipal court in misdemeanor cases committed within the city, but had authority to give said court jurisdiction co-extensive with the county.

The act creating the State Farm for Women provides that persons convicted of, or who plead guilty to the Commission of the following misdemeanors: prostitution, etc., and provides that women over 18 years of age may be committed by any court of criminal jurisdiction to said institution.

Act 223 of the Acts of 1921, creates the municipal court of Fort Smith. Section 8 of that act provides that municipal courts shall have jurisdiction co-extensive with the county. "The jurisdiction shall be exclusive of the justices of the peace and of the circuit court, over the violation of all ordinances passed by the city council; exclusive of the justices of the peace in townships sub-

ject to this act, and concurrent with the circuit court over all misdemeanors committed in violation of the laws of the state within the limits of the county.''

That act unquestionably gives the municipal court in Fort Smith jurisdiction in misdemeanor cases, and the statute expressly mentions prostitution as a misdemeanor. Under the chapter, Municipal Corporations, § 7599 of C. & M. Digest, the municipal court has power to provide that all vagrants, common street beggars, common prostitutes, and persons disturbing the peace of the city, shall on conviction thereof be punished by fine or imprisonment not exceeding thirty days. The act creating the Women's Farm was passed in 1919, and provides for the punishment of misdemeanors, including prostitution.

In the case of *Brickell* v. *Guaranty Loan & Trust Company,* 192 Ark. 652, 93 S. W. (2d) 656, this court held the act creating the municipal court of Helena constitutional, and stated that the organic law expressly grants the Legislature power to vest such jurisdiction as may be deemed necessary in municipal courts and does not curtail the power of the General Assembly to give jurisdiction to municipal courts when established beyond geographical limits.

The court of New York held, quoting from the headnote: ''And therefore a justice may convict and sentence such female simply as a common prostitute, though no such crime is specified in the codes, the only class of prostitutes mentioned being * * * a common prostitute who has no lawful employment whereby to maintain herself.''

The second headnote reads as follows: ''The fact that the act does not in terms enumerate the acts which shall constitute a female 'a common prostitute,' is immaterial, as the term is so well understood, in a legal sense, that a definition is unnecessary.'' *People* v. *Coon,* 67 Hun 523, 22 N. Y. S. 865.

In *People* v. *Cowie,* 88 Hun 498, 34 N. Y. S. 888, the court held, quoting from the headnote: ''Under laws of 1881, c. 187, as amended by laws of 1887, c. 17, which, in

enumerating offenses punishable by confinement in the house of refuge for women, names 'common prostitutes' it is a crime to be a common prostitute, though such offense is not provided for in the Penal Code or Code of Criminal Procedure."

It is true, as stated by appellant, that the mere presence of a prostitute in a city is not a violation of the law, but in the instant case the appellant was charged with habitual prostitution, and entered a plea of guilty, and the court had jurisdiction to try this as well as all other misdemeanor cases.

The finding and judgment of the circuit judge is affirmed.