### KENNEDY v. KENNEDY.

Circuit Court, Brevard County.

May 12, 1953.

Roger F. Dykes of Shepard & Dykes, Cocoa, for the plaintiff in the divorce suit.

Charles A. Whiteacre and George O. Knutson, both of Miami, for the plaintiff in the suit to set aside the divorce.

Max Brewer of Crofton, Wilson & Brewer, Titusville, for the defendant in the suit to set aside the divorce.

M. B. SMITH, Circuit Judge.

This cause comes on for final hearing upon the record, testimony and argument of counsel. The defendant herein in another suit was, on October 7, 1952, granted a divorce and custody of his children. On November 24, 1952 plaintiff herein filed this proceeding, and filed amended complaint January 9, 1953, which was answered and testimony taken. "The bill in this case not showing any error upon the face of the record is in its essence an original bill to impeach a divorce for fraud in its procurement." Hall v. Hall (Fla.), 112 So. 622.

In the bill many strong words are used but factually it alleges— (1) plaintiff's answer in the original proceeding was prepared by and in the office of counsel for defendant, prior to filing bill, (2) that plaintiff herein, after signing her answer, was debating whether to mail it "when the defendant grabbed the answer out of plaintiff's hands and had it registered and sent U. S. mail to the clerk," and (3) that plaintiff herein was under duress and intimidated into doing what she did.

As to the first proposition—"If the appearance and waiver was prepared and signed prior to the filing of the petition, we can see no reason why this would render the appearance and waiver void or invalid. If appellant appeared and filed an appearance and waiver—and the record recites that he did—then it speaks from the time of its filing." Gardner v. Gilbirds (St. Louis Ct. of App.), 106 S.W. 2d 970. The preparation of the pleadings by opposing counsel is neither fraudulent nor void for that cause alone, see Wright v. Wright (Ala.), 159 So. 220, and Kirk v. Bonner (Ark.), 57 S.W. 2d 802.

As to allegations covered by 2 and 3, it is sufficient to say that the proof fails to support either of these propositions. Similar situations as here presented have been considered by our own Court several times and found untenable. See Masilotti v. Masilotti (Fla.), 29 So. 2d 872, and cases therein cited; also Hall v. Hall, supra.

The court, therefore, finds the equities with the defendant. It is ordered, adjudged and decreed that the relief prayed for is denied and that the amended bill of complaint be, and the same is, dismissed. It is further ordered that the defendant herein pay all costs of this proceeding.