HARRIS *v*. STATE (1).

Opinion delivered January 26, 1895.

| 60   209 |
| 60   212 |

*Bail—Venue of examining court—Waiver.*

Where one who is arrested and brought before the mayor of a
city, on a warrant charging him with a felony committed in
the county wherein the city is situated, waives examination,
and asks that the amount of his bail be fixed, his sureties can
not, upon forfeiture of the bond, object that the alleged offense
was not committed within the city limits.

Appeal from Independence Circuit Court.

JAMES W. BUTLER, Judge.

*Yancey & Fulkerson* and *J. M. Moore* for appellant.

1. The bail bond, and the proceedings before the
justice in connection therewith, are the basis of the action;
they answer the purpose of a complaint, and, in a pro-
ceeding against sureties for forfeiture, must present a
perfect cause of action. Sand. & H. Dig. sec. 2034; 35
Ark. 214; *Ib.* 327. The jurisdiction of mayor's courts
only extends to the limits of the municipality. Sand. &
H. Dig. secs. 1935, 5260. Since a police or mayor's court
has no general jurisdiction, the record must show all the
facts out of which the jurisdiction under the statute pro-
ceeds. 1 Bish. Cr. Pro. sec. 724; 36 Ark. 272; 45 *id.*
100; 16 *id.* 104; 10 *id.* 313; 5 *id.* 358; *Ib.* 29. Jurisdic-
tional facts must be must be shown affirmatively. 78 N.
Y. 67; 15 Am. & Eng. Enc. Law, 1203; 1 Dillon on
Corp. (3 ed.) sec. 430. If the mayor had no jurisdiction,
the bond was void, and no judgment could be rendered
against the sureties. 30 Ark. 41. A bail bond without
authority is void. 23 Ark. 278; 35 *id.* 329; 31 *id.* 53; 11
Mass. 337.

2. The warrant was not made returnable within
the local jurisdiction. 43 N. J. L. 139.

3. Consent cannot give jurisdiction. 48 Ark. 156; 34 *id.* 419.

*James P. Clarke*, Attorney General, and *Chas. T. Coleman* for appellee.

1. Mayors have the same powers as justices within the territorial limits of the city. They may hear oral proof of the venue, and thereby acquire jurisdiction, where the information or affidavit fails to allege jurisdictional facts. The law does not require this fact to appear of record, and if the record fails to show the venue, it may be proved by evidence *dehors* the record, even in a collateral proceeding, when such evidence does not tend to contradict the record. 55 Ark. 281; 46 *id.* 153; 34 Cal. 321; 51 N. Y. 378; 1 Black, Judgm. sec. 282. The defendant waived examination, and thereby admitted the jurisdiction of the justice. 3 Ark. 532; 9 *id.* 435; 14 *id.* 345; 18 *id.* 449.

2. The authority of a justice is co-extensive with the county. The statute makes it his duty to examine into the case, whenever a criminal is brought before him. Sand. & H. Dig. sec. 1986. All that is necessary to give jurisdiction is the presence of some one charged with a felony. When once in court, illegality in the process cannot avail to defeat jurisdiction. 29 Ark. 299; 45 *id.* 536; 47 *id.* 565; *Ib.* 243.

3. Appellants are estopped by the recitals of their bond. It recites every fact necessary to give jurisdiction. 10 Ark. 500; 11 *id.* 686; 12 *id.* 730; 22 *id.* 303; *Ib.* 526; *Ib.* 528; 25 *id.* 108; 45 *id.* 59.

WOOD, J. Judgment was rendered against the appellants, as sureties on the bail bond of one R. S. Deener. Deener was arrested, and brought before the mayor of Batesville on a warrant charging him with the crime of forgery committed in Independence county. He waived examination, and asked the court to fix his bail bond.

Bond was fixed, and was entered into, in the sum of five hundred dollars, for the appearance of the defendant before the Independence circuit court. The bond was forfeited, and judgment obtained against appellants, which they seek to reverse for the reason "that neither the warrant, the information upon which it was based, nor the bail bond, nor any part of the record, show that the alleged offense was committed within the limits of the city of Batesville."

Where a defendant is arrested, with or without a warrant, or upon a defective warrant, and the charge is a felony, the mayor has jurisdiction of his person, and may proceed to hear oral proof of the venue to determine whether he has jurisdiction of the subject-matter. Secs. 1968, 1986, Sand. & H. Dig.; *Watson* v. *State*, 29 Ark. 299; *Elmore* v. *State*, 45 *id.* 243; *Kinkead* v. *State*, 45 *id.* 536; *Richardson* v. *State*, 47 *id.* 565; *Railway Co.* v. *Lindsay*, 55 Ark. 281.

It is true that consent cannot give jurisdiction where there is none; but the mayor has the jurisdiction of an examining court within the city limits, and if a defendant, brought before him upon a charge alleged to have been committed in the county (the city being also in same county), waives examination and asks for bail, such defendant will be taken to have conceded the jurisdiction. An affirmative step of this kind will obviate the necessity for proof of the venue, and a record showing these facts meets the requirements of the law. Ex parte *Woods*, 3 Ark. 532; *Denning* v. *Kelly*, 9 *id.* 435.

Judgment affirmed.