STATE *ex rel.* WM. L. MOOSE, ATTORNEY GENERAL,
*v.* WOODRUFF.

Opinion delivered October 25, 1915.

1. MUNICIPAL COURTS—JURISDICTION IN MISDEMEANOR CASES—ABOLITION OF JURISDICTION OF JUSTICES' COURTS.—Act 87, p. 340, Acts 1915, establishing municipal courts in certain cities, and taking away all jurisdiction of justices of the peace in misdemeanor cases, *held*, not in conflict with Art. 7, Sec. 40, Const. 1874, and *held*, also that the Legislature has the power to abolish the jurisdiction of justices of the peace in misdemeanor cases.

2. MUNICIPAL COURTS—EXAMINING TRIALS.—Act 87, p. 340, Acts 1915, giving to municipal courts in certain cities jurisdiction to sit as examining courts, *held* to confer concurrent jurisdiction upon municipal courts with justices of the peace in those matters, and to be warranted under Art. 7, Sec. 43, Const. 1874.

3. COURTS—JURISDICTION—STATUTE—SEPARABILITY.—When there is an attempt by the Legislature to extend the jurisdiction of a court, that part of the statute which is invalid may be stricken out and the remainder upheld.

4. MUNICIPAL COURTS—GEOGRAPHICAL JURISDICTION.—There is no limitation in the Constitution prohibiting the extension of the jurisdiction of municipal courts, beyond the geographical limits of the municipality.

5. STATUTES—SPECIAL ENACTMENTS.—Act 87, p. 340, Acts 1915, establishing municipal courts in certain cities is not a special one within the meaning of the Constitution.

6. JUSTICE OF THE PEACE—FEES—VESTED RIGHT—REGULATION BY LEGISLATURE.—Justices of the peace have no vested right in the fees and emoluments of their offices, and those matters are subject to regulation by the Legislature at any time.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; affirmed.

*W. L. Moose,* Attorney General, and *Carmichael, Brooks, Powers & Rector,* for appellant.

The act is unconstitutional because:

1. It takes away all jurisdiction of justices of the peace as to misdemeanors. Const., art. 7, § 40; Kirby's

Dig., § 4555; Gantt's Dig., § § 3720, 1642, 1224-6, etc.; 34 Ark. 197.

2. It gives municipal courts jurisdiction to sit as examining courts. Const., art. 7, § 40.

3. It extends beyond the geographical boundaries of the cities covered by it. Const., art. 7, § § 1, 43, 6 Ark. 187-461; 8 *Id.* 442; 11 *Id.* 481; 38 Mich. 461; 51 Ark. 534; 85 *Id.* 95; 57 N. Y. S. 21; 65 *Id.* 1004; 42 *Id.* 484.

4. It is a special act and was passed without notice. 48 Ark. 370 should be overruled.

5. It takes away the rights of constitutional officers, and

6. Attempts to create a new judicial department for the State.

*J. M. Moore, J. W. House, G. B. Rose, B. D. Brickhouse, C. T. Coffman, M. M. Cohn, W. J. Terry, J. F. Loughborough* and *H. M. Trieber,* for appellees.

This court will not declare an act unconstitutional unless clearly satisfied such is the case. All doubts are resolved in favor of its validity. 32 Ark. 144; 85 *Id.* 171; 99 *Id.* 1; 100 Ark. 195; 102 *Id.* 166.

1. Jurisdiction of justices of the peace in misdemeanors is left to the Legislature. For analogous questions, see 66 Ark. 470; 75 *Id.* 584; 34 *Id.* 188. The Constitution did not vest in justices jurisdiction in misdemeanors and there is no prohibition against the Legislature dealing with the situation as it saw fit. The Legislature is supreme.

2. The Constitution does not prohibit the Legislature from vesting jurisdiction in municipal courts to sit as examining courts, because, "original" jurisdiction is given justices of the peace. Original does not mean exclusive. 111 U. S. 252.

3. Under our Constitution, municipal courts may have jurisdiction beyond the boundaries of cities. Rev. Stat. 1838, Ch. 86, § 5; Kirby's Dig., § 4553. There is no prohibition. 59 N. Y. Supp. 640; 89 *Id.* 1096; 53 N. Y. 450; 25 S. E. 424; 137 N. W. 546; Const. Ark., art. 7, § § 1 and 43; Kirby's Dig., § § 4553, 5442, 5525, etc.; Ann.

Cases, 1912; "C," p. 939; 18 L. R. A. (N. S.) 260; 163
Ind. 512; 72 N. E. 544.

4. The act is not special. 72 Ark. 195.

5. It does not attempt to impair vested rights of
justices of the peace. 40 Ark. 100; 64 *Id.* 515; 48 Pac. 950.

McCULLOCH, C. J. The Attorney General instituted
this action in the circuit court of Pulaski County by peti-
tion for *quo warranto,* challenging the validity of a stat-
ute enacted by the General Assembly of 1915, establishing
municipal courts in certain cities of the first class. Acts
1915, p. 340. The statute does not mention any city by
name, but the description of the territory in which it has
application is so framed as to include only the cities of
Little Rock and Argenta. Respondents, who are judges
of the municipal courts in Little Rock, demurred to the
petition, and the circuit court sustained the demurrer and
rendered judgment dismissing the petition.

It is not contended that municipal courts can not un-
der the Constitution be established, but the validity of
the statute establishing the courts presided over by re-
spondents is attacked on the following grounds set forth
in the brief:

1. The act is unconstitutional because it takes away
all of the jurisdiction of justices of the peace as to mis-
demeanors in townships subject to the act.

2. Because it gives municipal courts jurisdiction to
sit as examining courts, commit, discharge or recognize
offenders to the court having jurisdiction for further
trial, and to bind persons to keep the peace or for good
behavior.

3. Because, according to its terms, it exceeds and
extends beyond the geographical boundaries of the cities
covered by it.

4. Because the act in its nature is special, and is an
act applying only to the city of Little Rock and another
city contiguous to the city of Little Rock, and not to the
whole State at large; and that no notice of the intended
introduction or passage of the said act was given, and
because a general act could have accomplished the pur-

pose, if it could have been accomplished at all, without the necessity for a special act.

5.   Because the act attempts to take away the rights and powers of the justices of the peace who were elected and holding office at the time of the passage and approval of the act, and that said justice of the peace courts are constitutional courts, and their powers could not be enlarged or restricted by the acts of the Legislature.

6.   Because the Legislature has no power, under the Constitution of Arkansas, to create a new judicial department for the State, or any part thereof, and that this was attempted by giving municipal corporation courts power to hear and determine cases beyond their geographical jurisdiction.

The points of attack will be discussed in the order above set forth.   Whilst the power of the Legislature to create municipal courts is not questioned, it becomes necessary for us to pass upon the several attacks made on this statute, for it can be said, with much reason, that the act must stand or fall as a whole, inasmuch as the Legislature might not have enacted it with any of its assaulted parts omitted.

The sections of the Constitution which refer to the creation of municipal courts are as follows:

"The judicial power of the State shall be vested in one Supreme Court; in circuit courts; in county and probate courts, and in justices of the peace.   The General Assembly may also invest such jurisdiction as may be deemed necessary in municipal corporation courts, courts of common pleas, where established, and, when deemed expedient, may establish separate courts of chancery."   Art. 7, section 1.

"Corporation courts for towns and cities may be invested with jurisdiction concurrent with justices of the peace in civil and criminal matters, and the General Assembly may invest such of them as it may deem expedient with jurisdiction of any criminal offenses not punishable by death or imprisonment in the penitentiary, with or without indictment, as may be provided by law, and, until

the General Assembly shall otherwise provide, they shall have the jurisdiction now provided by law." Art. 7, § 43.

The first contention is that the statute is void because it attempts to abolish the jurisdiction of justices of the peace as to misdemeanor cases in the township in which it applies. The section of the act which defines the jurisdiction of municipal courts reads as follows:

"Sec. 10. The municipal courts shall have original jurisdiction co-extensive with the county. The jurisdiction shall be exclusive of the justices of the peace and of the circuit court over the violation of all ordinances passed by the city council; exclusive of the justices of the peace in townships subject to this act, and concurrent with the circuit court over all misdemeanors committed in violation of the laws of the State within the limits of the county; concurrent with the justices of the peace and exclusive of the circuit court in all matters of contract where the amount in controversy does not exceed the sum of one hundred dollars ($100), excluding interest; concurrent with justices of the peace and with the circuit court in matters of contract where the amount in controversy does not exceed the sum of three hundred dollars ($300), exclusive of interest; in suits for recovery of personal property where the amount in controversy does not exceed the sum of one hundred dollars ($100). Municipal courts shall also have jurisdiction to sit as examining courts and commit, discharge or recognize offenders to the court having jurisdiction for further trial, and to bind persons to keep the peace or for good behavior."

Section 19 defines the civil jurisdiction of justices of the peace in townships subject to the act the same as is provided by the Constitution, and concludes with the following as to jurisdiction in other matters: "Justices of the peace in townships subject to this act shall also have jurisdiction to sit as examining courts and commit, discharge or recognize offenders to the court having jurisdiction for further trial, and to bind persons to keep the peace for good behavior, and for the purpose set out in

this section they shall have power to issue all necessary process."

Section 20 fixes the compensation of justices of the peace in those townships at a salary of $25 per annum, and in addition thereto the compensation now prescribed by statute for sitting as members of the county levying court, and also "such fees as are allowed to justices of the peace by the general laws for solemnizing marriages, taking and certifying acknowledgments, attending to the duties of coroner, and for services in relation to estrays."

Another section provides for transferring to the municipal courts all misdemeanor cases pending before justices of the township at the time of the approval of the act. The right to collect fees already earned by justices of the peace in pending misdemeanor cases is preserved.

Section 40, Art. VII, of the Constitution, after defining the civil jurisdiction of justices of the peace, contains a subdivision which reads as follows: "Such jurisdiction of misdemeanors as is now or may be prescribed by law." At the time of the adoption of the Constitution of 1874, justices of the peace were clothed with jurisdiction in misdemeanor cases concurrent with the circuit court. The argument now made before us is that under a fair construction of the language of the Constitution the Legislature may restrict or diminish the jurisdiction of justices of the peace in misdemeanor cases, but cannot take away entirely all such jurisdiction. The language is too broad, we think, to justify that construction. If that had been intended by the framers of the Constitution, they would have employed a different phrase. It does not declare any continuing jurisdiction in misdemeanors, but only such jurisdiction as was then prescribe by law or might thereafter be prescribed by law. Now, the Constitution in this particular, as well as in all others, is not a grant of powers to the lawmakers, but a limitation of powers, and when it was said that justices of the peace shall have such jurisdiction as "may be prescribed by law" it was obviously meant that the will of the lawmakers should be supreme in determining how

much jurisdiction, if any should be conferred upon justices of the peace, subject to the jurisdiction vested in the circuit courts by another section of the Constitution.

(1)    The only approach to a construction by this Court of the constitutional provisions now under consideration is found in the opinion in the case of *State* v. *Devers,* 34 Ark. 188, where it was said: "We have above shown that by the law in force when the Constitution was adopted, justices of the peace had jurisdiction of all misdemeanors, and they will continue to have such jurisdiction until otherwise prescribed by law.    *   *   *    The framers of the Constitution of 1874 simply said, in effect, by the third clause in Section 40, above copied, that they might continue to exercise such jurisdiction until otherwise prescribed by law, but there is nothing in this clause, or in the section of which it is a part, or in any section of the article on the judicial department, from which it may be fairly implied that the framers of the Constitution intended to leave the Legislature at liberty to deprive the circuit courts of all jurisdiction of misdemeanors." The language there used certainly bears out the interpretation we now place on the provision that the Legislature has the power to abolish the jurisdiction of justices of the peace in misdemeanor cases.

It has been suggested that inasmuch as the Constitution only authorizes the Legislature to confer upon such corporation courts "jurisdiction concurrent with justices of the peace," it is necessarily implied that the criminal jurisdiction of justices of the peace cannot be entirely abolished and at the same time the jurisdiction of the corporation courts in those matters put in force. The argument is, in other words, that because of this peculiar language of the Constitution only jurisdiction concurrent with justices of the peace can be conferred upon corporation courts, and that the attempt to abolish the jurisdiction of justices of the peace, if effectual, destroys the power to confer jurisdiction which, it is contended, cannot under the Constitution be exercised otherwise than concurrently with justices of the peace.    We

do not think, however, that the language just referred to meant to confine the jurisdiction of municipal courts to such jurisdiction as might always be exercised by justices of the peace, but it was meant as authority for the Legislature to confer such jurisdiction upon municipal courts as might under the Constitution be conferred upon justices of the peace. The jurisdiction to be vested in municipal courts is, in other words, not necessarily to be exercised concurrently with justices of the peace, but co-extensive with the jurisdiction which could, under the Constitution, be vested in justices of the peace.

(2) In reply to the contention that the statute is unconstitutional in its attempt to give jurisdiction to municipal courts to sit as examining courts, it is sufficient to say that the language of the Constitution is very broad in stating that such courts "may be vested with jurisdiction concurrent with justices of the peace in civil and criminal matters." * The Constitution does not, as counsel for petitioner contend, vest exclusive jurisdiction in justices of the peace to sit in examining trials. It expressly confers "original" but not exclusive jurisdiction, and in parceling out jurisdiction in such cases the Legislature has the power to vest concurrent jurisdiction in municipal courts. The act under consideration does not attempt to abolish the jurisdiction of justices of the peace in those matters. This Court decided in *Harris* v. *State*, 60 Ark. 209, that a corporation court had jurisdiction as an examining court within the city limits.

(3)   The next contention is that the statute is unconstitutional because it extends the jurisdiction of the municipal courts beyond the geographical boundaries of the municipalities. The act undoubtedly attempts to confer jurisdiction of such courts co-extensive with the county in criminal matters, and in civil matters co-extensive with the township in which the city is situated. Whether or not the jurisdiction in civil matters is co-extensive with the limits of the county, it is unimportant

---

*Const. 1874, Art. 7, § 43.

to decide, in determining the validity of the statute as a whole; for if it should be found that there is an attempt to thus extend the jurisdiction, that would not impair the validity of the remainder of the act. In other words, if we should decide that there is an attempt in the statute to thus extend the jurisdiction, and that it is invalid to that extent, that part of it could be stricken out and the remainder upheld, for there is no reason to doubt that the Legislature would have enacted the statute with that part omitted. *Oliver* v. *C., R. I. & P. Ry. Co.* 89 Ark. 466.

(4)  No limitation is found in the Constitution upon the power of the Legislature to vest jurisdiction in municipal courts, when established, beyond the geographical limits of the municipalities. Nor can it be said that there exists any policy or sound reason for restricting the jurisdiction to such geographical limits. The authorities cited on the briefs of counsel do not sustain the contention that there is such an inherent limitation upon the power of municipal courts. Unless the organic law forbids, the Legislature may extend the jurisdiction beyond the territorial limits of the municipalities. The authority found in the Constitution is to vest jurisdiction in municipal courts "concurrent with the jurisdiction of justices of the peace in criminal and civil matters," that is to say, concurrent with the jurisdiction which it is within the power of the Legislature to confer upon justices of the peace. The Constitution does not by its express terms restrict the jurisdiction of justices of the peace to the territorial limits of the township in which they are elected to serve, therefore the jurisdiction of municipal courts finds no such restriction in the Constitution. At the time of the adoption of the Constitution of 1874, corporation courts in cities of the first class exercised the same jurisdiction under statutes then in force as did justices of the peace (Gantt's Digest, Sec. 3283), which thus extended the criminal jurisdiction to the territorial limits of the county, the same as that exercised by justices of the peace.

(5)   This court is thoroughly committed to the rule that the provision of the Constitution requiring notice of a special bill is a mere direction to the Legislature itself, and it is therefore unnecessary to devote any time to the discussion of the point raised in this case that this act is void because it is a special one and that no notice was given. Moreover, the act establishing these municipal courts is not a special one within the meaing of the Constitution. *Waterman* v. *Hawkins,* 75 Ark. 120.

(6)   The argument that the act is void because it attempts to impair the vested rights of justices of the peace in the fees and emoluments of the office is unsound for the reason that such officers have no such vested rights, and the matter is subject to regulation at any time by the Legislature. *Humphry* v. *Sadler,* 40 Ark. 100.

The last contention of counsel for petitioner (the sixth) is disposed of by what has been already said concerning the other points of attack.

Upon the whole we are unable to discover any conflict in this statute with the Constitution of the State—that is to say, a conflict in a matter which would invalidate the whole act and which would vitiate the title of respondents to the offices created by the statute.

The judgment of the circuit court is therefore affirmed.

KIRBY, J., dissents.