Lingo *v.* Myers.

4-8184                                              201 S. W. 2d 745

Opinion delivered May 5, 1947.

*Rains & Rains,* for appellant.

*C. E. Izard* and *Wilson & Starbird,* for appellee.

Robins, J. Appellee brought unlawful detainer proceedings in the circuit court to recover possession of certain real estate, with a dwelling house thereon, which appellee had rented by the month to appellant, and to recover the sum of $30 rent thereon. Default in payment of rent and service of notice to quit was alleged in appellee's complaint. Possession was delivered to appellee under writ issued by the clerk.

Appellant filed demurrer to the complaint, and on overruling thereof answered, denying the material allegations of the complaint, and in cross complaint asked damages for improper ouster.

A trial jury returned a verdict in favor of appellee for possession of the property and for $30 rent. From judgment on the verdict this appeal is prosecuted.

## I.

It is first contended by appellant that the circuit court had no jurisdiction because under Act 28 of the General Assembly of Arkansas, approved February 6, 1941, exclusive jurisdiction of unlawful detainer suits, where the rent involved does not exceed $200, was vested in the municipal court and justice of the peace court. The portion of that Act material to this controversy is as follows: " 'When Writ to Issue. When any person to whom any cause of action shall accrue under this act shall file in the office of the clerk of the circuit court of the county in which the offense shall be committed, or, if the rent involved does not exceed two hundred ($200) dollars, in the office of the clerk of the municipal court of any city in said county, or before any justice of the peace of the township where the lands lay, a complaint or statement in writing signed by him, his agent or attorney, specifying the lands, tenements or other possessions so forcibly entered and detained, or so unlawfully detained over and by whom and when done, and shall also file the affidavit of himself or some other creditable person for him, stating that the plaintiff is lawfully entitled to the possession of the lands, tenements, or other possessions mentioned in the complaint, and that the defendant forcibly entered upon and detains the same, or unlawfully detains the same after lawful demand therefor made, such clerk, or justice of the peace, shall issue a writ of possession directed to the sheriff, where the action is commenced in the circuit or municipal court, or the constable, where the action is commenced before a justice of the peace, commanding him to cause (if the plaintiff give

security according to law) the possession of the lands, tenements or other possessions in the complaint mentioned to be delivered to the plaintiff without delay, and to summon the defendant to appear in court on the return day of the writ and answer the plaintiff in the premises.' "

The Constitution of Arkansas (§ 40 of Art. VII) thus prescribes the jurisdiction of justices of the peace: "They shall have original jurisdiction in the following matters: First, exclusive of the circuit court, in all matters of contract where the amount in controversy does not exceed the sum of one hundred dollars, excluding interest, and concurrent jurisdiction in matters of contract where the amount in controversy does not exceed the sum of three hundred dollars, exclusive of interest; second, concurrent jurisdiction in suits for the recovery of personal property where the value of the property does not exceed the sum of three hundred dollars, and in all matters of damage to personal property where the amount in controversy does not exceed the sum of one hundred dollars; third, such jurisdiction of misdemeanors as is now, or may be, prescribed by law; fourth, to sit as examining courts and commit, discharge or recognize offenders to the court having jurisdiction, for further trial, and to bind persons to keep the peace or for good behavior; fifth, for the foregoing purposes they shall have power to issue all necessary process; sixth, they shall be conservators of the peace within their respective counties, *provided a justice of the peace shall not have jurisdiction where a lien on land or title or possession thereto is involved.*" (Italics supplied.)

Authority for creation of municipal courts is found in § 43 of Art. VII of the Constitution as follows: "Corporation courts for towns and cities may be invested with jurisdiction concurrent with justices of the peace in civil and criminal matters, and the General Assembly may invest such of them as it may deem expedient with jurisdiction of any criminal offenses not punishable by death or imprisonment in the penitentiary, with or without indictment, as may be provided by law, and, until the General

Assembly shall otherwise provide, they shall have the jurisdiction now provided by law."

Under the plain language of the Constitution a justice of the peace "shall not have jurisdiction where a lien on land or title or possession thereto is involved"; and the Constitution authorized the creation of municipal courts with only "jurisdiction concurrent with justices of the peace in civil . . . matters . . ."

Now the right of the respective parties to possession of the rented premises is the very essence of an action for unlawful detainer.

It follows that, insofar as it purports to vest jurisdiction in justices of the peace and municipal courts to hear and determine actions for unlawful detainer, Act No. 28 of the General Assembly of 1941 is contrary to the Constitution and void. The circuit court did not err in retaining jurisdiction.

## II.

Appellant next urges that his demurrer should have been sustained because the complaint fails to show that notice to quit was served on appellant for the proper time. In support of this contention our cases holding that a tenancy from month to month may be terminated only by notice for thirty days are cited. But in the case at bar nonpayment of rent when due was alleged. Under § 6035, Pope's Digest, it is provided: "Every person . . . who shall fail or refuse to pay the rent therefor when due, and after three days' notice to quit and demand made in writing for the possession thereof by the person entitled thereto, his agent or attorney, shall refuse to quit such possession, shall be deemed guilty of an unlawful detainer." So, under the allegation of the complaint (found true by the jury) that there was a default in the rent, it was necessary to allege and prove service of notice to quit for only three days. *Parker* v. *Geary*, 57 Ark. 301, 21 S. W. 472; *Lindsey* v. *Bloodworth,* 97 Ark. 541, 134 S. W. 959.

Nor is the contention of appellant as to the insufficiency of the description in the notice well founded. The property was described in the notice as "the premises owned by me but now occupied by you situated on the 'Logtown Hill' road just outside of Van Buren, Arkansas." It is not disputed that appellant was in possession of a small dwelling house owned by appellee in the named locality. The notice could not have referred to any other property and therefore was not misleading. "Generally speaking a description of the premises in a complaint for forcible entry and detainer is sufficient if it enables identification of the property." 36 C. J. S. 1178. "Great strictness and accuracy of description is not required in complaints in forcible entry and detainer." *Fink* v. *Schmidt* (Mo. App.), 245 S. W. 566.

### III.

It is next urged by appellant that the complaint was defective in that it was not alleged therein that appellee had ever been in possession or was entitled to the possession of the property. It was alleged in the complaint that the plaintiff was the owner of the property, had rented it to the defendant (appellant) for a stipulated rent, which had not been paid, and that notice to quit had been served on the defendant for three days. This was sufficient.

### IV.

For reversal it is further argued by appellant that his name is not P. A. Lingo, as he was designated in the notice to quit, the complaint and the summons. He does not deny that the notice to quit and the summons were both served on him and that he in fact was renting appellee's house. Under the circumstances the mistake, if any, as to his name did not affect his substantial rights, and such a defect must be disregarded under the provisions of § 1466, Pope's Digest.

Furthermore, appellant did not in any pleading raise this question until after the trial, when he incorporated

his contention relative thereto in the motion for new trial. It was too late then to make such an objection, even if it would have been available in any event.

## V.

It is finally urged that the lower court erred in permitting counsel for appellee to ask appellant if he had paid a fine for being drunk. 'As to this the transcript shows: "Q. You say your name is James L. Lingo? A. Yes, sir. Q. You are the Lingo that occupied the house of Jim Myers on Logtown Hill and got evicted? A. It says P. A. Lingo. Q. You are the same man? A. My name is James L. Q. You are the same man that was ejected from that house? A. Yes, sir. Q. You are the same man that they had in jail down here last week? Mr. Rains: I object, that was after this suit was filed. The court: He has a right to ask him if he has been in jail. Mr. Rains: The rule is to ask the man if he has been convicted. The court: He may state. Mr. Rains: Save our exceptions. Mr. Starbird: Q. You paid a fine in municipal court for drunkenness about a week ago, is that right? A. Yes, sir, it is right. I paid a fine of $23.50, I have got a receipt in my pocket, I pay my bills."

It will be noted that no objection was made to the question as to payment of fine for drunkenness; and appellant did not answer the question as to his being in jail. Under the circumstances no prejudice could have resulted from the first question; and no objection was made to the last one.

No error appearing the judgment is affirmed.