UNITED LOAN & INVESTMENT COMPANY *v.* CHILTON.

5-862                                                   287 S. W. 2d 458

Opinion delivered February 27, 1956.

*John Marable,* for appellant.

*Briner & Briner,* for appellee.

MINOR W. MILLWEE, Associate Justice. The issue here is the constitutionality of Act 160 of 1955 insofar as it purports to invest municipal courts with jurisdiction of the subject matter in matters of contract where the amount in controversy is in excess of $300, excluding interest.

Appellant filed suit against appellee in the Municipal Court of Benton, Arkansas, for $330.00 plus interest allegedly due on a promissory note executed by appellee. The motion of appellee to dismiss for lack of jurisdiction was overruled by the municipal court. Upon appellee's failure to plead further, judgment was entered in favor of appellant for $415.00 and costs, as prayed in the complaint. On appeal to circuit court the motion of appellee to dismiss was sustained on the ground that municipal court had no jurisdiction in matters of contract where the amount in controversy exceeded the sum of $300.00, ex-

clusive of interest, and that the circuit court acquired no jurisdiction on appeal.

The correctness of the circuit court's action in sustaining the motion to dismiss depends upon whether the Legislature had the power and authority to enact that part of Act 160 of 1955 which reads:

"Section 1. That Section 22-709 of Arkansas Statutes (1947) be (the same is hereby) amended to read as follows:

"The Municipal Courts shall have original .jurisdiction co-extensive with the County wherein the said Court is situated over the following matters: . . .

"Exclusive of Justices of the Peace and concurrent with the Circuit Court in matters of contract where the amount in controversy does not exceed the sum of Five Hundred Dollars ($500.00), excluding interest, but exceeds Three Hundred Dollars excluding interest; . . ."

Ark. Stats., § 22-709, supra, provided that the jurisdiction of municipal courts should be concurrent with justices of the peace and with the circuit court in matters of contract where the amount in controversy does not exceed the sum of $300.00 exclusive of interest. This section was based upon and in harmony with the several provisions of the Constitution which deal with the jurisdiction of municipal and justice of the peace courts. Sections 1 and 43 of Art. 7 of the Constitution refer to municipal courts and read:

"§ 1. The judicial power of the State shall be vested in one Supreme Court, in circuit courts, in county and probate courts, and in justices of the peace. The General Assembly may also vest such jurisdiction as may be deemed necessary in municipal corporation courts, courts of common pleas, where established, and, when deemed expedient, may establish separate courts of chancery."

"§ 43. Corporation courts for towns and cities may be invested with jurisdiction concurrent with justices of the peace in civil and criminal matters, and the General

Assembly may invest such of them as it may deem expedient with jurisdiction of any criminal offenses not punishable by death or imprisonment in the penitentiary, with or without indictment, as may be provided by law, and, until the General Assembly shall otherwise provide, they shall have the jurisdiction now provided by law.''

By Sec. 40 of Art. 7, justices of the peace courts are vested with jurisdiction concurrent with circuit courts, ''in matters of contract where the amount in controversy does not exceed the sum of three hundred dollars, exclusive of interest   .   .   .''

A municipal court, like a justice of the peace court, is a court of limited and restricted jurisdiction. *Bynum* v. *Patty,* 207 Ark. 1084, 184 S. W. 2d 254. In construing the foregoing sections of the Constitution in *State ex rel. Moose* v. *Woodruff,* 120 Ark. 406, 179 S. W. 813, this court held that while the language of Art. 7, Sec. 43, was not meant to confine the jurisdiction of municipal courts to such jurisdiction as might always be exercised by justices of the peace, ''it was meant as authority for the Legislature to confer such jurisdiction upon municipal courts as might under the Constitution be conferred upon justices of the peace.''

Since the jurisdiction of justices of the peace in matters of contract is expressly limited by Art. 7, Sec. 40, to cases where the amount in controversy does not exceed $300.00 exclusive of interest, the Legislature was powerless to confer jurisdiction upon municipal courts in excess of said jurisdictional limit. This was the effect of our holding in *Lingo* v. *Myers,* 211 Ark. 638, 201 S. W. 2d 745, where a legislative act purporting to vest jurisdiction in municipal and justice of the peace courts to determine actions of unlawful detainer was held void, and we said: ''Under the plain language of the Constitution a justice of the peace 'shall not have jurisdiction where a lien on land or title or possession thereto is involved'; and the Constitution authorized the creation of municipal courts with only 'jurisdiction concurrent with justices of the peace in civil . . . matters . . .' '' See also,

*Magnet Cove Barium Corporation* v. *Watt,* 215 Ark. 170, 219 S. W. 2d 761, where we held a municipal court judgment for damages to personal property void where the amount sought was in excess of the limits prescribed by Art. 7, Sec. 40, even though the amount of recovery was within said limits.

It follows that Act 160 of 1955 is unconstitutional and void insofar as it purports to invest municipal courts with jurisdiction to hear and determine matters of contract where the amount in controversy exceeds the sum of $300.00 exclusive of interest. The judgment of the circuit court sustaining the motion to dismiss is accordingly affirmed.