Richard PEEL, Judge of the
Municipal Court of Pope County
*v.* Gene KELLEY

79-292                                    594 S.W. 2d 11

Supreme Court of Arkansas
Opinion delivered February 19, 1980

*Jon P. Shermer, Jr.,* for appellant.

*Witt & Donovan,* for appellee.

GEORGE ROSE SMITH, Justice. Under the Small Claims Procedure Act, may a resident of Pope county maintain a suit in the municipal court of Pope county against a resident of Yell county upon a contract that was to be performed in Pope county? No, answered the circuit court of Pope county, and entered an order prohibiting the municipal judge from proceeding further in a $300 contract action brought by Harrell Motors, Inc., against the appellee, Gene Kelley. The municipal judge appeals from that order. We agree with the appellant: The suit is maintainable in Pope county.

The Small Claims Procedure Act of 1977 provides a simple and inexpensive procedure by which any person (with a few exceptions, such as collection agencies) may bring suit, without a lawyer, by filing a short affidavit in a municipal

court. Act 725 of 1977; Ark. Stat. Ann. §§ 22-758 *et seq.* (Supp. 1979). Service of process is ordinarily by certified mail, sent out by the clerk of the court. § 22-758.6. If either side employs a lawyer, the case is to be transferred to the regular municipal court docket (which was done in the case at bar after Kelley employed counsel). § 22-758.8.

Section 4 of the act (§ 22-758.3) is the only provision pertinent to the question now presented:

> The venue of civil actions instituted under the Small Claims Procedure shall be as follows:
> (1) When a defendant has contracted to perform an obligation in a particular county, an action based on such obligation may be commenced and maintained either in the county where such obligation is to be performed, or in which the defendant, or any such defendant, resides at the commencement of the action.
> (2) When the action be for injury to person or to personal property, either the county where the injury occurred, or where the defendants, or any of them, reside at the commencement of the action, shall be the proper venue.
> (3) In all other cases, actions shall be commenced and maintained in the county in which the defendant, or any such defendant, resides.

The Constitution provides that municipal courts may be invested with jurisdiction concurrent with justices of the peace. Art. 7, § 43. It follows that municipal courts cannot be given jurisdiction greater than the constitutional limit for justices of the peace, which is $300 in civil cases. Art. 7, § 40; *United Loan & Inv. Co.* v. *Chilton,* 225 Ark. 1037, 287 S.W. 2d 458 (1956). The statutory jurisdiction of municipal courts, however, need not be exactly coextensive with the statutory jurisdiction of justices of the peace. It may be coextensive with whatever jurisdiction could be vested in justices of the peace. *State ex rel. Moose* v. *Woodruff,* 120 Ark. 406, 179 S.W. 813 (1915). That is the controlling consideration in this case.

The appellee relies upon two cases, both cited by the circuit judge, holding that a justice of the peace cannot issue

process to be served upon a defendant in another county. *Markham* v. *Evans,* 239 Ark. 1154, 397 S.W. 2d 365 (1965); *Ashby* v. *Milligan,* 126 Ark. 118, 189 S.W. 1059 (1916). Neither case involved a constitutional question, because the Constitution fixes no express territorial limits to the jurisdiction of justices of the peace. Both cases merely construed an 1873 act, still in effect, which provides that the jurisdiction of justices of the peace shall be coextensive with the county and that the venue shall be in the township *in which the defendant resides.* Ark. Stat. Ann. §§ 26-305 and -301 (Repl. 1962). The important point is that the legislature, in that statute, made no attempt to allow a justice of the peace to issue process against a resident of another county; so we held he could not do so. In a later act, which has never been challenged, the legislature provided that where there are defendants residing in two or more counties, suit may be brought before a justice of the peace in either county, and process may be served outside the county. § 26-304.

To this point we have been discussing the issues raised by the briefs. In our conference, however, it was argued that the Small Claims Procedure Act is concerned only with venue —the place of trial—and was not intended to confer upon a municipal court any personal jurisdiction over nonresidents of the county.

Such an argument is answered by the statute itself. If there is a valid basis for personal and subject-matter jurisdiction, there has never been any reason why the legislature cannot authorize the service of process upon a defendant outside the court's territorial jurisdiction. The Uniform Interstate and International Procedure Act was enacted for that sole purpose. Ark. Stat. Ann., Title 27, Ch. 25 (Repl. 1979). Act 21 of 1941 accomplishes a similar purpose as to intrastate actions, by providing that in any action which may lawfully be brought only in a particular county, summons may be served on the defendant in any county in the state. § 27-618.

Many statutes similar to the Small Claims Procedure Act, establishing a court's jurisdiction over person, have been enacted. The Civil Code of 1869 provides that an action for the partition of land must be brought in the county where

the land is. § 27-601. The Civil Code did not specifically say that process may be served outside the county, but that practical consequence of venue necessarily exists. It cannot be supposed that an owner of an interest in land in Arkansas is powerless to obtain partition because his cotenant lives in another county. Again, the 1939 Venue Act, which was approved by popular referendum, provides that actions for personal injury or wrongful death shall be brought in the county where the accident occurred or the injured person resided. § 27-610. Only by implication did that act authorize the service of process on a defendant outside the county, but no one would suppose that the legislature meant to destroy the remedy for personal injury or wrongful death unless the wrongdoer could be served within the county fixed as the venue.

The Small Claims Procedure Act does fix venue, but it necessarily contemplates correlative personal jurisdiction. Section 4 of the act, quoted above, expressly states that when a contract is to be performed in a particular county, the suit may be maintained *either* in that county or in the county where the defendant resides. That section also provides that in an action for an injury to the person or to personal property, *either* the county where the injury occurred or that where the defendant resides *shall* be the proper venue. If the statute does not authorize the service of process outside the county, then the language permitting the suit to be brought in *either* of two counties is meaningless, because it would have been enough to specify the county of the defendant's residence, which the same section of the act actually does for "all other cases."

The purpose of the Small Claims Procedure Act is at once apparent and worthwhile. The act deals with municipal courts, which have no necessary connection with county lines. Such a court may sit in a town lying just inside a county line and having a trade area that crosses that line. If a small grocer and his customer have a dispute involving a charge account of a few dollars, they may want the matter settled by the municipal judge without having to employ lawyers. That the grocery is on one side of the county line and the customer on the other is absolutely immaterial. It is certainly not this court's place to thwart the legislature's commendable effort

to provide a simple procedure for the settlement of such minor disputes.

Reversed.

FOGLEMAN, C.J., dissents.