Mr. James D. Gingerich Executive Secretary Judicial Department Justice Building Little Rock, AR 72201
Dear Mr. Gingerich:
This is in response to your request for an opinion concerning the jurisdiction of municipal courts after the adoption of Amendment 64. Specifically, you have asked whether Amendment 64's grant of jurisdiction to municipal courts in matters of damage to personal property up to and including three thousand dollars, also gives the municipal courts jurisdiction to hear personal injury claims which accompany property damage claims. In my opinion, such jurisdiction is not conferred by Amendment 64, and does not constitutionally exist otherwise.
It is clear that the General Assembly has the authority to vest such jurisdiction in the municipal courts as it deems necessary. See, Constitution of Arkansas, Art. 7, 1 and Johnson v. State,200 Ark. 969, 141 S.W.2d 849 (1940). Article 7, 43 of the Arkansas Constitution may, however, limit this authority. That section provides that "[c]orporation courts for towns and cities may be invested with jurisdiction concurrent with justices of the peace. . . ." This section has been interpreted to mean that municipal courts may only be invested with jurisdiction which could, under the constitution, be vested in justices of the peace. Peel v. Kelley, 268 Ark. 90, 594 S.W.2d 11 (1980); United Loan 
Investment Company v. Chilton, 225 Ark. 1037, 287 S.W.2d 458; State ex rel. Wm. Moose v. Woodruff, 120 Ark. 406, 179 S.W. 813
(1915). Under Arkansas Constitution Art. 7, 40, which defines the jurisdiction of justices of the peace, no jurisdiction over personal injury causes is conferred. It follows that the legislature could not constitutionally vest justices of the peace with personal injury jurisdiction. Similarly, by virtue of Art. 7, 43, it is my opinion that the legislature is powerless to confer personal injury jurisdiction on the municipal courts, [See, Chilton, supra], even though it has done so on more than one occasion. See, A.C.A. 16-17-206(9), and 16-17-705(7) (Supp. 1987).
The adoption of Amendment 64 brought about a change in municipal court jurisdiction over contracts, recovery of personal property, and damage to personal property, raising the constitutional limit in these areas to three thousand dollars. After the adoption of this Amendment, but before its effective date, the legislature enacted A.C.A. 16-17-705(7) (Supp. 1987), which purports to raise the personal injury jurisdictional limitation in municipal courts to three thousand dollars from the former limit of five hundred dollars found in A.C.A. 16-17-206(9). As noted earlier, Arkansas Constitution Art. 7, 43 and the cases interpreting it, prevent both of these grants of jurisdiction. The same constitutional impediment does not prevent the operation of Amendment 64, which provides [n]otwithstanding any provision of this Constitution to the contrary . . ."; (meaning notwithstanding Art. 7, 40 and 43); municipal courts may have expanded jurisdiction in the three areas listed. However, Amendment 64 does not grant jurisdiction to municipal courts over personal injury, and thus Art. 7, 40 and 43 remain obstacles to the legislature's attempted grant of such jurisdiction.
As stated previously, there is nothing in Amendment 64 which could be interpreted as conferring personal injury jurisdiction on municipal courts, although an argument could be made that the language of the amendment, which states: "Notwithstanding any provision . . . to the contrary and in addition to jurisdiction now conferred on municipal courts . . ." (emphasis added). would constitutionally "bless" the statutorily conferred personal injury jurisdiction granted in A.C.A. 16-17-206(9), (five hundred dollars), because it was "jurisdiction now conferred" on municipal courts at the time of adoption of Amendment 64. In my opinion this argument is without merit. it is unlikely that the people of Arkansas intended to phrase "in addition to jurisdiction now conferred", to mean "in addition to jurisdiction now constitutional or unconstitutionally conferred." It is also my opinion that unconstitutional grants of jurisdiction cannot be rendered constitutional in such an indirect or tangential fashion. Additionally, if a statute is declared unconstitutional, it is void ab initio, as if it has never been passed. Huffman v. Dawkins, 273 Ark. 520, 622 S.W.2d 159 (1981); Rogers v. Mabelvale Extension Road Improvement Dist. No. 5 of Saline County, 103 F.2d 844
(8th Cir. 1930).
Although we are not unmindful of the fact that no statute conferring personal injury jurisdiction on a municipal court has been declared unconstitutional by a court of competent jurisdiction in this state, it is my opinion that because such a court could properly take that action, thereby rendering the statute void ab initio, any argument attempting to "bootstrap" the statute's constitutionality to Amendment 64 would fail. If a court were faced with questions relating to the constitutionality of such a grant, and found it unconstitutional, (as I believe it would), the statute would be void ab initio, and no language in Amendment 64 would save it. It is therefore my opinion that municipal courts cannot constitutionally exercise jurisdiction over matters involving personal injury.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.