The Honorable Roy C. "Bill" Lewellen State Senator P.O. Box 403 Marianna, Arkansas 72360
Dear Senator Lewellen:
This is in response to your request for an opinion on the constitutionality of Section 4 of Senate Bill 355 which grants municipal courts jurisdiction in unlawful detainer cases where the amount in controversy falls within the limits prescribed by Amendment 64. You have asked whether Section 4 of this bill is constitutional, and if so, whether it will be necessary to amend A.C.A. § 18-60-306 to specifically include municipal courts as having jurisdiction in certain types of unlawful detainer actions. You note that heretofore municipal courts have not exercised jurisdiction over unlawful detainer cases due to constitutional restrictions, but it appears that with the passage of Amendment 64 municipal courts can now exercise such jurisdiction.
It is my opinion that the answer to your first question is "no," municipal courts may not constitutionally be given jurisdiction over unlawful detainer cases. An answer to your second question is therefore unnecessary.
Section 4 of Senate Bill 355 provides as follows:
 Arkansas Code 16-17-206(a) is amended to read as follows:
 (a) Municipal courts and justices of the peace shall not have jurisdiction in civil cases where a lien on land or title or possession thereto is involved. Provided, that municipal courts shall have jurisdiction concurrent with circuit courts in civil cases of unlawful detainer, where the amount in controversy does not exceed the jurisdictional limits authorized by Arkansas Constitution, Amendment 64.
The Arkansas Supreme Court in Lingo v. Myers, 211 Ark. 638,201 S.W.2d 745 (1947) held that an act attempting to vest jurisdiction in municipal courts to hear and determine actions in unlawful detainer was contrary to the constitution and void. The court's decision was based upon Arkansas Constitution, art. 7 §§40 and 43. The latter section provides that "[c]orporation courts for cities and towns may be invested with jurisdiction concurrent with justices of the peace. . . ." This section has been interpreted to mean that municipal courts may only be invested with jurisdiction which could, under the constitution, be vested in justices of the peace. Peel v. Kelley, 268 Ark. 90,594 S.W.2d 11 (1980); United Loan Investment Company v. Chilton,225 Ark. 1037, 287 S.W.2d 458; State ex rel. Wm Moose v.Woodruff, 120 Ark. 406, 179 S.W. 813 (1915). The former section governs the jurisdiction of justices of the peace and states that ". . . a justice of the peace shall not have jurisdiction where a lien on land or title or possession thereto is involved." The court held that ". . . the right of the respective parties to possession of the rented premises is the very essence of an action for unlawful detainer" (211 Ark. at 642), and thus held that the act vesting jurisdiction of such actions in the municipal court was void.
The remaining question is whether the adoption of Amendment 64 to the Arkansas Constitution has altered this decision. It is my opinion that it has not. Amendment 64 provides in pertinent part as follows:
 Notwithstanding any provision of this Constitution to the contrary and in addition to jurisdiction now conferred on municipal courts, municipal courts shall have jurisdiction concurrent with circuit courts (a) in matters of contract where the amount in controversy does not exceed three thousand dollars ($3,000) excluding interest, (b) in suits for the recovery of personal property where the value of the property does not exceed three thousand dollars ($3000), and (c) in all matters of damage to personal property where the amount in controversy does not exceed three thousand dollars ($3,000); provided that the General Assembly may by law increase or decrease the jurisdictional limit by a two-thirds vote of each house of the General Assembly.
Nothing in this Amendment purports to vest jurisdiction in municipal courts over matters involving liens on land or matters in which title or possession to land is involved. It is therefore my opinion that the restrictions of Art. 7 §§ 40 and 43 still operate to bar a municipal court from exercising jurisdiction in such cases. Cf. Op. Att'y. Gen. No. 88-258 (copy enclosed).
In the correspondence attached to your request, it is argued that Amendment 64 now grants jurisdiction to municipal courts in unlawful detainer cases because the Amendment grants jurisdiction in cases of "contract" and the action for unlawful detainer is "an action on contract and lies only where the relation of landlord and tenant exists between the parties." The case ofCline v. Smith, 205 Ark. 136, 168 S.W.2d 872 (1943) is cited for this proposition. Even when this fact is considered, it does not operate to authorize the grant of municipal court jurisdiction over unlawful detainer actions. At the time of theLingo decision, (1947), the relevant constitutional provisions granted municipal courts authority over actions in contract. This, however, did not stop the court from finding that the "essence" of an action for unlawful detainer was the right to possession of the property. Simply put, if the court had found the argument above persuasive, it could have adopted it in 1947. It chose not to do so, holding instead that the action for unlawful detainer is one essentially for the possession of property, and that therefore, municipal courts could not be granted jurisdiction with regard to such actions.
It is therefore my opinion that the answer to your question is "no," municipal courts may not constitutionally be invested with jurisdiction over actions in unlawful detainer. An answer to your second question is therefore unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana Cunningham Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh