The Honorable Carolyn Pollan State Representative and Co-Chair Arkansas Commission on Child Abuse, Rape and Domestic Violence State Capitol Little Rock, AR 72201
Dear Representative Pollan:
This is in response to your request for an opinion regarding House Bill 1824 of the 79th General Assembly, which is entitled "An Act to Expand the Jurisdiction of Municipal Courts in Domestic Abuse Cases." You have asked, specifically, whether a municipal court can have jurisdiction to issue a domestic violence order of protection. As you note, HB 1824 purports to give this power to municipal courts. See Section 1 of HB 1824.
It is my opinion that the grant of jurisdiction to a municipal court to issue an order of protection which excludes the respondent from a residence or dwelling is unconstitutional. The remainder of the jurisdictional grant involving other authorized injunctive relief is, in my opinion, constitutionally suspect.
Section 1 of HB 1824 states, under subsection (a), that "[j]urisdiction of all proceedings under this act and under the Domestic Abuse Act of 1991, Arkansas Code Annotated 9-15-101 etseq., is vested in the municipal courts of this state pursuant to Article 7, Sections 40 and 43, of the Constitution of the State of Arkansas, concurrently with the chancery courts of this state." Section 43 of Article 7 provides in relevant part that "[c]orporation courts for towns and cities may be invested with jurisdiction concurrent with justices of the peace. . . ." Thus, according to the Arkansas Supreme Court, a municipal court, like a justice of the peace court, is a court of limited and restricted jurisdiction. United Loan and Investment Co. v.Chilton, 225 Ark. 1037, 1039, 287 S.W.2d 458 (1956). The constitution authorized the creation of municipal courts ". . . with only `jurisdiction concurrent with justices of the peace in civil . . . matters. . . .'" Lingo v. Myers, 211 Ark. 638, 642,201 S.W.2d 745 (1947), quoting art. 7, § 43. The court has interpreted art. 7, § 43 to mean that municipal courts may only be invested with jurisdiction which could, under the constitution, be vested in justices of the peace. Peel v.Kelley, 268 Ark. 90, 594 S.W.2d 11 (1980); United Loan Investment Co. v. Chilton, supra; State ex rel. Moose v.Woodruff, 120 Ark. 406, 179 S.W. 813 (1915).
The legislative grant of jurisdiction to municipal courts under HB 1824 must therefore be tested by the jurisdiction conferred upon justice of the peace courts under art. 7, § 40. This section of the constitution states:
 [Justices of the peace] shall have original jurisdiction in the following matters: First, exclusive of the circuit court, in all matters of contract where the amount in controversy does not exceed the sum of one hundred dollars, excluding interest, and concurrent jurisdiction in matters of contract where the amount in controversy does not exceed th sum of three hundred dollars, exclusive of interest; second, concurrent jurisdiction in suits for the recovery of personal property where the value of the property does not exceed the sum of three hundred dollars, and in all matters of damage to personal property where the amount in controversy does not exceed the sum of one hundred dollars; third, such jurisdiction of misdemeanors as is now, or may be, prescribed by law; fourth, to sit as examining courts and commit, discharge or recognize offenders to the court having jurisdiction, for further trial, and to bind persons to keep the peace or for good behavior; fifth, for the foregoing purposes they shall have power to issue all necessary process; sixth, they shall be conservators of the peace within their respective counties, provided a justice of the peace shall not have jurisdiction where a lien on land or title or possession thereto is involved. [Emphasis added.]
Under the plain language of art. 7, § 40, a justice of the peace (and therefore a municipal judge, based upon the discussion above) "shall not have jurisdiction where a lien on land or title or possession thereto is involved." See also A.C.A. § 16-17-206 (Cum. Supp. 1991). The Arkansas Supreme Court has held, based upon art. 7, §§ 40 and 43, that an act attempting to vest jurisdiction in municipal courts to hear and determine actions in unlawful detainer was void. Lingo v. Myers, supra. The court stated that ". . . the right of the respective parties to possession of the rented premises is the very essence of an action of unlawful detainer" (211 Ark. at 642), and thus held that the act vesting jurisdiction of such actions in the municipal courts was void. See also Vinson v. Flynn,64 Ark. 453 (1897).
This same ruling would, in my opinion, result in the event of a challenge to a municipal court's issuance, pursuant to HB 1824, of an order of protection which excludes the respondent from a residence or dwelling. House Bill 1824 purports to vest municipal courts with jurisdiction of all proceedings under the Domestic Abuse Act of 1991. (Act 266 of 1991, codified at A.C.A. §§9-15-101 et seq. (Supp. 1991)). That act includes, amongst the particular requests that may be granted in a temporary or permanent order of protection, exclusion of the respondent from a residence or dwelling. See A.C.A. §§ 9-15-203 and -205. This relief, similar to that involved in Lingo v. Myers, supra,
has as its very essence the right of the parties to possession of the premises. Because a municipal court has no jurisdiction where possession of land is involved, HB 1824 cannot constitutionally vest the court with jurisdiction to issue such an order.
An order of protection issued under the Domestic Abuse Act of 1991 may also exclude the respondent from the place of business, employment, school or other location of the petitioner or victim. A.C.A. § 9-15-203(b) (Supp. 1991). The protective order is, as stated in A.C.A. § 9-15-101, ". . . injunctive, and therefore, equitable in nature." This poses a constitutional problem in light of what appears to be the current view of a majority of the Arkansas Supreme Court regarding the power of any court other than chancery to issue injunctions. The court in Cummings v.Fingers, 296 Ark. 276, 753 S.W.2d 865 (1988) held that a circuit court lacks jurisdiction to grant and enforce equitable relief, citing Morgan Utilities, Inc. v. Perry County, 183 Ark. 542,37 S.W.2d 74 (1931). Cummings may be cited for the proposition that under the current majority view, the power to issue injunctions was vested in the chancery courts when those courts were created pursuant to Ark. Const. art. 7, § 15, which states:
 Until the General Assembly shall deem it expedient to establish courts of chancery, the circuit court shall have jurisdiction in matters of equity, subject to appeal to the Supreme Court, in such manner as may be prescribed by law.
The majority opinion in Cummings distinguished cases cited in the dissenting opinions for the proposition that circuit courts still have equity powers. 296 Ark. at 280, n. 2. And a concurring opinion by Justice Newbern suggested that if cited in the future as being inconsistent with Cummings, these cases should be overruled. Id. at 296.
The theory behind the Cummings case would, it seems, also apply to prevent a municipal court from granting injunctive relief. If a circuit court lacks this power because it is vested in courts of equity, a municipal court would also seemingly fall within this ruling. My research has yielded no Arkansas authority supporting a municipal court's exercise of such power. The grant of jurisdiction in Ark. Const. art. 7, § 40 ". . . to bind persons to keep the peace or for good behavior" may not, in my opinion, be construed to authorize injunctive relief. This language is part of the fourth grant in art. 7, § 40, which states in full: "fourth, to sit as examining courts and commit, discharge or recognize offenders to the court having jurisdiction, for further trial, and to bind persons to keep the peace or for good behavior[.]" It is thus apparent that the authority ". . . to bind persons . . ." has reference to the court's power, when sitting as an examining court for the purpose of committing, discharging or recognizing offenders to another court, to "bind persons," i.e., require security for keeping the peace or for good behavior. See, e.g., A.C.A. § 12-11-105
(1987) (repealed by the Domestic Abuse Act of 1991 (Acts 1991, No. 266, § 13.))
It has been suggested by at least one commentator that theCummings ruling is "constitutionally permissible" but not "constitutionally compelled." Killenbeck, And Then They Did. . .? Abusing Equity in the Name of Justice, 44 Ark. L. Rev. 235, 337 (1991). I must conclude, however, based upon the Arkansas Supreme Court's most recent pronouncement in this area, that the grant of jurisdiction under HB 1824 to municipal courts to exclude the respondent from the place of business, employment, school or other location of the petitioner or victim is constitutionally suspect.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh